ORANGE WALKER and others vs. ABRAM JOHNSON.

July 18, 1881.

**Liability of Master for Trespass of Servant.**—A master is liable for a trespass committed by a servant without his express authority, if the act of the servant was necessary to accomplish the purpose of his employment, and was intended for that purpose. *Quære*, if the master is not liable, though it be not actually necessary to commit the trespass in order to accomplish the purpose of the employment, if the servant, in the exercise, in good faith, of the judgment and discretion ordinarily expected of a servant in doing his master's business, deems it necessary, and so does the act in good faith, not for himself but for his master, and in his business.

**Conversion of Part of Article — Measure of Damages.**—If converting part of an article renders the whole article valueless for any purpose, the measure of damages is the value of the article at the time of converting the part, with interest. If converting a part does not leave the remainder wholly valueless, it is proper to arrive at the damages by proving the value of the article entire, and the value of the part remaining after the severance; the difference, with interest, being the damages.

**Counterclaim—Demurrer—Parties.**—The only way in which a plaintiff may object that a cause of action pleaded as a counterclaim is not the proper subject of counterclaim in the particular action, is by demurrer. If he omit to demur he waives the objection, and the cause of action must be tried as though a proper one to plead as a counterclaim. If the subject of counterclaim in such case be a tort, it is no objection that the tort was committed by a firm composed of plaintiff and others not parties to the suit.

Appeal by defendant from a judgment of the municipal court of the city of Stillwater in an action brought by plaintiffs as partners as Walker, Judd & Veazie.

*Gregory & Comfort,* for appellant.

*McCluer & Marsh,* for respondents.

GILFILLAN, C. J. Action for converting a wagon and a quantity of hay. The answer sets up, as a counterclaim, a cause of action for the conversion by plaintiffs of a quantity of hay belonging to defendant. The plaintiffs replied, putting in issue the facts alleged

as a counterclaim.   On the trial plaintiffs had a verdict and judgment.   As there must be a new trial, we will notice but three of the errors alleged, as the others may not be repeated on the retrial.

As to the conversion of the wagon, the testimony was that a servant of defendant, engaged in hauling a load of supplies to defendant's logging camp, broke the wagon he was using, and, to enable him to do the hauling, took part of plaintiffs' wagon, and the part was not returned.   The servant did not act from any malice or purpose to injure plaintiffs, but acted solely with a view to serve the interests of his master, and accomplish what he had been set to do for him.   It is often difficult, where a servant, in doing his master's business, commits a trespass upon the property of another, without express authority from the master, to determine whether the master is liable for the trespass.   The general rule derived from an examination of the authorities is stated in Wood's Law of Master and Servant, 595, thus: "If the act of the servant was necessary to accomplish the purpose of his employment, and was intended for that purpose, however ill-advised or improper, then it was implied in the employment, and the master is liable." This rule seems to us correct as far as it goes.   But it may be suggested, though we do not decide, that the master's liability will not depend on the existence of actual necessity to do the act in order to accomplish the purpose of the employment, if the servant, in the exercise in good faith of the judgment and discretion ordinarily expected of a servant in doing his master's business, deems it necessary, and so does the act in good faith, not for himself, but for his master, and to accomplish his master's business in which he is employed.

There was some evidence that, by the removal of the part of the wagon, the remainder was rendered valueless.   As to this, the court instructed the jury, in effect, that if taking the part rendered the wagon valueless *for the use for which it is intended,* the plaintiffs are entitled to recover the value of the wagon at the time of the conversion.   This rule is not strictly accurate.   If taking a part wholly destroyed the value of the wagon, so that the part not taken was of no value whatever for any purpose, the taking was equivalent to a conversion of the whole; and, in that case, the value of the whole,

with interest from the time of the conversion, would ordinarily be the proper measure of damages. But if the part not taken was of any value after the severance, though of no value for the use for which it was intended,—to wit, as a wagon,—the owner was not deprived of the entire value. His damages should be to the extent only of the actual injury; that is, to the value so far as he was deprived of it. This could be shown by proof of what it would cost to replace the part taken, or by proof of the value of the wagon entire, and of the remainder in the place and situation in which it was left. This precise point of error was not made by the appellant here, but as the judgment must be reversed on another point, which was made here, we mention it so that the correct rule of damages may be applied on a retrial.

Defendant's evidence of the counterclaim tended to show that part of the hay constituting the subject of counterclaim was converted by a partnership consisting of these plaintiffs and one Bergman, whose firm name was Bergman & Co. The court charged the jury that proof that Bergman & Co. took and converted to their use hay belonging to defendant, cannot be considered as tending to establish a cause of action against Walker, Judd & Veazie. This was error. The cause of action alleged in the answer, being in no way connected with the subject of plaintiffs' action, was not proper matter of counterclaim. But the only way to make the objection that a cause of action alleged as a counterclaim is not the proper subject of counterclaim in the particular action is by demurrer. If plaintiff omits to demur on that ground, and takes issue upon the facts alleged, he waives his objection to the character of the cause of action as a counterclaim in that action, and consents that it may be tried and determined as if it were proper to plead it as a counterclaim. *Ayres* v. *O'Farrell*, 10 Bosw. 143; *Hammond* v. *Terry*, 3 Lansing, 186.

The only question, then, is, did the evidence alluded to by the court in its charge tend to prove a cause of action upon which defendant could have recovered against these plaintiffs, had he sued them upon it without joining Bergman? The cause of action being in tort, the wrong-doers were each and all of them liable. Any of them might be sued for it without joining the others. It was no objection,

then, to the matter alleged as a counterclaim, that Bergman, as well as plaintiffs, was liable. For this error in the court's charge the judgment is reversed, and a new trial ordered.