JOHN LACE *vs.* O. E. FIXEN and another.

June 26, 1888.

Counterclaim—Demurrer.—The proper way to raise the question whether a cause of action is the subject of counterclaim is by demurrer. By failing to demur, a plaintiff waives all objection to the answer as a counterclaim. Following *Walker* v. *Johnson,* 28 Minn. 147.

Legal and Equitable Causes of Action — Demand for Jury Trial. — Where part of the issues in an action were triable by a jury and part by the court, a demand for a jury trial of the whole action was properly denied. Following *Greenleaf* v. *Egan,* 30 Minn. 316.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Thomas Canty,* for appellant.

*James O. Pierce* and *Arctander & Arctander,* for respondents.

MITCHELL, J.   Bad pleading and irregular practice have put this case in a very anomalous condition.   A suit brought to recover money of the plaintiff, had and received by Fixen for the use of the plaintiff, has, during its progress, been transformed into an action by Fixen and Kelley against plaintiff for a settlement and accounting of a partnership formerly existing between the three.   Plaintiff's com-

plaint was the ordinary one, to recover money had and received by Fixen for the use of plaintiff. Fixen answered—*First*, denying the allegations of the complaint; and, *secondly*, alleging that the money which plaintiff sought to recover was part of the assets of a partnership formerly existing between himself, plaintiff, and Kelley, and which had never been adjusted or settled. Had the pleadings stopped here, as they ought, the case would have presented simply a legal issue, in an action for the recovery of money only, triable by a jury; for no matter how the partnership accounts might have stood as between the partners, if the allegations of the answer were true, plaintiff could not have recovered. But Fixen's answer proceeded and alleged, by way of *counterclaim*, the partnership between himself, plaintiff, and Kelley; its dissolution; that there had never been any settlement or adjustment of its affairs; that plaintiff had wrongfully appropriated some of the firm assets to his individual use, and refused to account for the same; that Kelley was a necessary party; and asking that he be joined as such, and that there might be a full and final accounting and settlement of the partnership business. The court thereupon, upon its own motion, and against plaintiff's objection, ordered that Kelley be made a party defendant. Kelley then appeared, and interposed an answer substantially the same as Fixen's. Plaintiff replied to both answers, still protesting that Kelley was not a proper party to the suit, and that the matter of an accounting and adjusting the affairs of the partnership was not a proper counterclaim, but joining issue on the facts by denying the allegations of the answers, and alleging that the business of the partnership had already been fully and finally settled. When the cause came on for trial, plaintiff "demanded that said action be tried by a jury," which demand the court denied, and proceeded to try it as a court case.. During the progress of the trial, and after considerable of the evidence had been introduced, the court, on the motion or suggestion of the plaintiff, ordered that at that hearing evidence should only be introduced as to the questions whether there had been a final settlement of the partnership affairs, and whether the lot (from the sale of which the money sought to be recovered by plaintiff had been derived) had been withdrawn from the partnership estate by the ac-

tion of the parties; leaving the matter of accounting, if one should be found necessary, to be tried afterwards. The trial by the court then proceeded, confined to those two questions, and the court rendered its decision, finding both questions in the negative, and ordering an accounting by the court or before a referee. From an order denying a new trial plaintiff appeals.

It can require no argument to show that this so-called "counterclaim" had no proper place in the case, and ought not to have been allowed to remain in it, had it been properly and seasonably objected to. The proper way to raise the question whether a cause of action is the subject of counterclaim is by demurrer. *Campbell* v. *Jones*, 25 Minn. 155. By failing to demur on this ground, the plaintiff waived all objection to the answer as a counterclaim. *Walker* v. *Johnson*, 28 Minn. 147, (9 N. W. Rep. 632.) Counsel asks us to reconsider our former decision on this point, but, after an examination of all the authorities cited by him, we see no reason to change our views. The reasoning of the court in *Ayres* v. *O'Farrell*, 10 Bosw. 143, cited by us in *Walker* v. *Johnson*, although not the opinion of a court of last resort, strikes us as sound and convincing. We think confusion has sometimes arisen by failure to distinguish between a case where the "counterclaim" fails to state a cause of action and a case where, although it states a good cause of action, it is one which is not the subject of counterclaim under the statute. Of course, in the first case, the defect can be taken advantage of at any time, even after judgment, precisely as if it were set up in a complaint. Neither do we think that the attempt of plaintiff to save the point in his reply can avail him. A party cannot both answer and demur at the same time, and *a fortiori* he cannot insert a demurrer in the form of a protest in the body of an answer.

In the shape into which the case had thus gotten, it really embraced two suits,—one by plaintiff, against Fixen, for the recovery of money only, the issues in which were triable by jury; and the other by the defendants against plaintiff for an accounting, which was triable by the court. Had the plaintiff confined his demand for a jury trial to the issues embraced in the first, he would have been entitled to it. But made as it was, when the case was moved generally for trial, his

demand must be construed as a demand for a jury trial of all the issues in the whole action. Therefore the demand, being for more than he was entitled to, was properly denied. *Greenleaf* v. *Egan*, 30 Minn. 316, (15 N. W. Rep. 254.) When the court subsequently, during the progress of the trial, limited it to two issues, had the plaintiff then demanded that these be tried by a jury, probably he would have been entitled to it, inasmuch as these issues were those which directly involved his right of recovery on the cause of action set up in his complaint. But no such demand was made, and the trial by the court proceeded without objection.

Plaintiff makes the point that the evidence does not justify the findings. After examination, we think it does.

Order affirmed.

NOTE. A motion for reargument of this case was denied, August 15, 1888.