(19 Misc. Rep. 644.)

### WELLMAN v. MINER.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

MASTER AND SERVANT—NEGLIGENCE OF SERVANT'S ASSISTANTS. . .
　　A master is liable for the negligence of a person whom the servant invited to aid him in his work, where the negligent act occurred in the course of the work.

Appeal from Eighth district court.

Action by Francis L. Wellman against Henry C. Miner for injury to personal property. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Maurice Meyer, for appellant.
Sumner B. Stiles, for respondent.

BISCHOFF, J. The defendant is the proprietor of the Fifth Avenue Theater, a place of amusement, and this action was brought to recover damages for injuries which occurred to the plaintiff's carriage through the negligence of an attendant who was engaged at the entrance of this theater in opening the doors of carriages as they arrived. Trial before a jury resulted in a verdict for the plaintiff, and we are asked to disapprove that verdict upon the facts; no question of law having been raised in the court below with regard to rulings upon evidence, or to the charge delivered to the jury.

By ample and satisfactory evidence it was shown that the plaintiff's carriage approached the defendant's theater, and came to a stop before reaching the entrance because of the presence of another vehicle before it. This vehicle having left, an attendant in livery directed

the plaintiff's coachman to proceed, and, while the carriage was thus in motion, this attendant, who was walking beside it with his hand upon the door handle, opened the door, which was then brought into contact with a post standing upon the sidewalk, and was broken. From certain of the proof, showing the slight interval which existed between a direction given by the attendant to plaintiff's coachman to "drive on" and the striking of the door against the post, the jury were well authorized to find that the attendant's negligence alone caused this injury, and that the plaintiff's coachman was not negligent in driving past the post with the assumption that the door still was left unopened. Nor was the instinctive attempt made by the plaintiff's wife to reclose the door, when the danger became obvious, contributory negligence, even should it be inferred that the collision occurred while she was making this attempt. The failure of the attempt did not cause the injury, since the impact was bound to result from the situation brought about by this attendant's negligence, and, whatever its effect, the attempt was not a negligent act, because it was a natural, instinctive effort to avoid an injury which the other party's negligence rendered suddenly imminent. Canton v. Simpson, 2 App. Div. 561, 566, 38 N. Y. Supp. 13; Waldele v. Railroad Co., 4 App. Div. 554, 38 N. Y. Supp. 1009.

The sole question in the case which calls for discussion is with regard to the defendant's responsibility for the negligent acts of the attendant who opened the carriage door, which point, indeed, was the only one regularly presented at the trial by the appellant. From the evidence it appears that two men, wearing livery, were engaged in opening carriage doors at this theater upon the evening of the accident, as they had been for three or four weeks previously, their names being Cole and Brown. Cole, it was admitted, was employed by the defendant to do this work, but the latter denied any employment of Brown, who, according to Cole, had been engaged by him to aid in the work under an agreement for a division of the "tips" or gratuities received by both from occupants of the carriages. The plaintiff was unable to say which one of these men opened the door of his carriage; but it is clearly made to appear that one of them did, and, from some of the evidence in the case, the jury might have found that Cole was actually the man. If, however, there was a doubt as to which one did this act, there was further evidence that Brown, as well as Cole, was the servant of the defendant, and, furthermore, an actual employment might have been inferred by the jury to have existed, despite the denial of interested witnesses for the defense, in view of the length of time during which Brown had been openly performing this duty.

Apart from this the case appears to fall clearly within the principles applied in the case of Althorf v. Wolfe, 22 N. Y. 355, where the master was held for the negligent act of an individual whom the servant had invited to aid him in the task imposed by the master, the negligence having occurred in the course of the work. The present case is not well distinguished from that cited, and, by the reasoning there employed, Brown is to be viewed as the instrument of Cole, availed of by the latter in the performance of the work assigned to him, and the defendant is liable for Brown's negligence through the act of Cole in

admitting him to the performance of that work, which work was Cole's task alone, to be performed for the defendant's benefit under no specific instructions as to details.    See, also, Kilroy v. Canal Co., 121 N. Y. 22, 24 N. E. 192; Hill v. Sheehan (Super. Buff.) 20 N. Y. Supp. 529.

The right of recovery was made to appear by evidence which the jury were well authorized to credit, and, while the account of the accident given for the defense is widely different from the facts as accepted by the jury, the verdict is by no means contrary to the weight of the evidence, and is unassailable.

At the trial no objection was taken to any part of the charge to the jury, but it is now attacked in several particulars.    While it might, perhaps, have been made more lucid in some respects, the charge is not found to have prejudiced the appellant within reasonable probability, and substantial justice does not call for a new trial for any of the reasons assigned.

It is claimed that the plaintiff was improperly permitted to recover the actual, reasonable outlay for the hire of a carriage during the time required for repairs to his own vehicle, the ground being that this "was not a necessity, but a luxury."    Whatever it was, the plaintiff seems to have properly recovered for this item, upon familiar principles.    Hutton v. Murphy, 9 Misc. Rep. 151, 29 N. Y. Supp. 70; Albert v. Railroad Co., 2 Daly, 389.    If entitled to the use of his carriage at all, he was entitled to the continuous use of it, and the expenses undergone simply to preserve that benefit, during the period when his carriage was necessarily out of his hands because of the defendant's negligence, formed an item of damage as reasonably consequential to the tort as did the repairs to the breakage itself, and there were appropriate allegations of this as special damage.

Judgment affirmed, with costs.    All concur.