KEEP et al. v. WALSH et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

MASTER AND SERVANT—MASTER'S LIABILITY TO THIRD PERSONS.

A master's liability to third persons for the negligence of his servant is not limited to acts of the servant done under the master's instructions, or approved by the master during the service, but he is liable for all negligent acts of his servant while acting within the general scope of his employment.

Appeal from special term, Niagara county.

Action by Charles H. Keep and others against Maurice G. Walsh and others. From a judgment against plaintiffs for costs of the action, entered on a verdict in favor of defendants, and from an order denying a motion for new trial, made on the minutes, plaintiffs appeal. Reversed.

Plaintiffs are the owners of a store known as "No. 99 Main Street," in the city of Lockport. It was leased by them to the American Express Company, and was occupied by the company on July 22, 1895. The defendants occupied

a double store, Nos. 94 and 96, on the same street, and were there carrying on a retail dry goods business on the last-named date. They had purchased another stock of goods then located in a store 60 feet distant from their store, and on the same side of the street. The defendants had in their employ a number of clerks, among whom was Fred J. Conniff. The clerks and employés of defendants were directed to move the stock of goods so purchased to the stores occupied by defendants, and to move it by hand. One hand cart was procured, and furnished by defendants, to be used in moving the stock and fixtures when found necessary. The clerk, Conniff, without the direction, authority, or knowledge of the defendants, went across the street, and borrowed a hand cart of the American Express Company, and with it moved a show case, which was a part of the stock and property purchased by defendants which was to be moved to their store, and then returned the cart to the express company, and, while returning the same, broke a plate-glass window in plaintiffs' building with the cart. The defendants gave Conniff no direct authority to borrow the American Express Company's cart, and knew nothing about Conniff's borrowing or using it.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Taylor & Nichols, for appellants.
P. F. King, for respondents.

GREEN, J. The learned trial justice charged the jury that, in addition to proving damage, and the negligence of defendants' servant in causing same, "the plaintiffs must establish more than those facts in order to justify you in reaching a conclusion adverse to the defendants. It must appear that the servant was acting under the instructions of the defendants, or that he was acting independent of any direction previously given, but that the acts of the servant became known to the defendants and were approved during the time that he was engaged in the service, and before he attempted to return the truck to the American Express Company." To this the plaintiffs' counsel excepted, and in that connection asked the court to charge "that all those elements were not necessary; that, if he was given general instructions to remove these goods by the defendants, and borrowed this truck for the benefit and in the furtherance of the labor and in the business of the defendants, that then the plaintiffs can recover. By the Court: I charge they cannot, and give you the exception: there is no such emergency authorizing the witness to depart from the instructions." We are of the opinion that there was prejudicial error in the portions of the charge excepted to. The plaintiffs were entitled to have the jury instructed that, if the plaintiffs were damaged by the negligent act of the servant while he was acting within the general scope of his employment, and if the motive which prompted the act and the purpose sought by it were within the scope of his employment, and in the business of defendants, and not independent or outside of his employment, or disconnected with the master's business, the plaintiffs were entitled to a verdict. Wellman v. Miner, 19 Misc. Rep. 644, 44 N. Y. Supp. 417, and cases cited; Burns v. Poulson, L. R. 8 C. P. 563; Railroad Co. v. Randall, 40 Kan. 421, 19 Pac. 783; Walker v. Johnson, 28 Minn. 147, 9 N. W. 632; Railroad Co. v. Kirk, 102 Ind. 399, 1 N. E. 849; Whart. Neg. (2d Ed.) 167. If the jury should find upon all the evidence that the act of

44 N.Y.S.—60

the servant was no part of his business, nor within the scope of his employment, nor for the benefit of defendants, nor in furtherance of their interest, then they are not liable. If the servant, in borrowing and returning the truck, was carrying out a separate and independent purpose and motive of his own, and in doing so ceased to be an actor within the scope of his employment and within the range of his master's business, then the defendants are not liable. "The test of the master's responsibility for the act of his servant is not whether such act was done according to the instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do." Cosgrove v. Ogden, 49 N. Y. 255. We are of the opinion that the portion of the charge excepted to by defendants was erroneous in that the jury was instructed that, before the defendants could be held liable for the negligent acts of their servant, those acts must have become known to the defendants and been approved by them during the time he was engaged in the service, and before he attempted to return the truck to the American Express Company's office.

Judgment reversed, and new trial ordered, with costs to abide the event of the action. All concur.