LAURIE THYSSEN, by his next friend, CHRIS. THYSSEN, Appellant, v. THE DAVENPORT ICE AND COLD STORAGE COMPANY, Appellee.

**New trial:** AMENDMENT AFTER VERDICT. After a plaintiff has submitted his cause upon one theory and a verdict has been re-

turned against him, he cannot, by way of amendment to his petition, demand a new trial on a materially different theory.

**Master and servant:** NEGLIGENCE OF SERVANT. A master is not liable for the act of his servant, done in the ordinary and usual performance of his duty, which results in an injury to a third person whose presence the servant neither knew nor had reason to know.

**Same.** Where a servant has no authority to employ another to assist him in his work, the master is not liable for an injury to a stranger, resulting solely from the negligence of the assistant, on the ground that he was also a servant.

*Appeal from Scott District Court.—* HON. J. W. BOLLINGER, Judge.

FRIDAY, JUNE 7, 1907.

ACTION at law to recover damages for personal injury. From a judgment for defendant upon a directed verdict, the plaintiff appeals.— *Affirmed.*

*Ely & Bush,* for appellant.

*Lane & Waterman* and *Alfred C. Mueller,* for appellee.

WEAVER, C. J.— On July 15, 1905, the defendant, being engaged in the ice business in the city of Davenport, sent out one of its delivery wagons in charge of an employé named Wagner. After starting upon the trip Wagner allowed his father-in-law, one Thomas, to get upon the wagon and ride with him and to assist in handling and delivering ice. The wagon having stopped in front of a house where a delivery was to be made, plaintiff, a child of eight years, with several other small children who were playing in that vicinity drew near, but, being called by their parents all withdrew except plaintiff. As the wagon stopped, Thomas went to the rear of the vehicle, and, taking up the tongs and a small tool known as a " chipper," laid hold of a piece of ice, and turned to deposit it on the ground or to carry it into the house. As

he swung around, the ice chipper in his hands struck the plaintiff in the eye, inflicting a wound from which it is alleged the child has suffered serious injury.    For the damages thus sustained this action was instituted. .

I.    The original petition was drawn, and the case seems to have been tried by the plaintiff, on the theory that the relation of master and servant existed between defendant and

1. NEW TRIAL: amendment after verdict.    Thomas, and that for the negligence of the latter in such service the former may be held liable.    After the evidence had been introduced and a verdict for defendant had been returned, at the direction of the court, plaintiff filed a motion for new trial, in connection with which he tendered an amendment to his petition, alleging that Wagner was addicted to the excessive use of intoxicants and not a proper or competent person to be intrusted with the delivery of ice by the defendant, and that he was guilty of negligence in permitting Thomas, who also was intoxicated at the time, to assist in said work, and that the injury of the plaintiff was the proximate result of Wagner's said negligence.    As plaintiff had chosen his ground, proceeded to trial, and submitted his case on the claim as stated in the original petition, we think he cannot be permitted to mend his hold after a verdict has been returned against him, and demand a new trial on another and materially different theory.    There was, therefore, no error in refusing a new trial, unless we find there was evidence upon which the issue joined upon the original petition should have been submitted to the jury.

II.    Upon that issue the case could well be disposed of on the ground that, even if Thomas were the agent or servant of the defendant, there is no showing of actionable neg-

2. MASTER AND SERVANT: negligence of servant.    ligence on his part.    There is nothing in the record to show that he knew or should have known of the presence of the boy in a place of danger.    His action in taking the ice from the wagon and turning around with it was neither unnatural nor manifestly improper, con-

sidering the service he undertook to perform.   The holding
of the chipper in his hand was not in itself negligence, unless
he knew or ought to have known that the child was exposed to
injury therefrom; and of this, as we have said, there is no
proof.   Hence, however unfortunate or regrettable the acci-
dent to the young plaintiff, there would seem to be an entire
absence of testimony upon which to base a recovery of dam-
ages.

This view renders it unnecessary for us to go into a dis-
cussion of the interesting question argued by counsel con-
cerning the liability of the master for the negligence of one
who volunteers to assist the servant, or to do
the work which has been intrusted to the serv-
ant.   That there are circumstances under which such lia-
bility exists is well established.   *Aga v. Harbach,* 127 Iowa,
147; *Booth v. Wistar,* 7 C. & P. 446; *Haluptzok v. Railroad
Co.,* 55 Minn. 446 (57 N. W. 144, 26 L. R. A. 739); *Al-
thorf v. Wolfe,* 22 N. Y. 355; *Rummell v. Dilworth,* 111
Pa. 343 (2 Atl. 355, 363); *Sloan v. Railroad Co.,* 62 Iowa,
728; *Gleason v. Ansdell,* 9 Daly (N. Y.), 393; *Flick v. Rail-
road Co.,* 68 Wis. 469 (32 N. W. 527, 60 Am. Rep. 878);
*Lakin v. Railroad Co.,* 15 Or. 220 (15 Pac. 641); *Carson v.
Leathers,* 57 Miss. 650; *Railroad Co. v. Cusick,* 60 Kan. 590
(57 Pac. 519); *Englehart v. Farrant,* 1 Q. B. 240; *Bank v.
W. U. Tel. Co.,* 52 Cal. 280; *Simons v. Monier,* 29 Barb.
(N. Y.), 419; Shearman & Redfield's Neg., section 157;
*Barstow v. Railroad Co.,* 143 Mass. 535 (10 N. E. 255);
*Keep v. Walsh,* 44 N. Y. Supp. 944 (17 App. Div. 104);
*Dimmitt v. R. R. Co.,* 40 Mo. App. 654; *Coal Co. v. Hayes,*
12 South. 98 (97 Ala. 201).   But, generally speaking, we
think the rule of these authorities is not grounded upon the
thought that one who assists a servant becomes thereby a
servant of such servant's master, except it be in cases
where we may find express or implied authority in the serv-
ant to employ or permit the assistance so rendered.   In the
absence of such authority, the one safe and logical ground

3. SAME.

upon which to rest the liability of a master for the negligence of a volunteer assistant of his servant is the negligence of the servant in inviting or permitting a stranger to perform or assist in the performance of the work which was intrusted to his own hand. Where such negligence is shown with injury proximately resulting therefrom to a third person, who is himself without fault, the master is liable under the familiar rule which imputes to him the negligence of the employé in the course of his employment. See *Englehart v. Farrant,* 1 Q. B. 240; *Railroad Co. v. Cusick* 60 Kan. 590 (57 Pac. 519), and an article by Prof. Mechem in 3 Mich. Law Review, 198.

In the case before us there is no showing upon which an implication of authority in Wagner to employ or authorize the assistance of Thomas in his work can be found. Hence the latter was not the servant of the defendant. It follows, therefore, as we have already stated, that a claim against defendant for damages occasioned by the negligence of Thomas cannot be sustained.

The conclusions above announced dispose of all material questions suggested in the arguments of counsel.

The judgment of the district court is *affirmed.*