Action by Ernest U. Edel against E. Francis Hillenbrand and others. Judgment for plaintiff, and defendants appeal. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Newton McGovern, for appellants.

John ·Oscar Ball, for respondent.

PER CURIAM. Plaintiff, a real estate broker, claims $500 from defendants, who are copartners doing business as real estate brokers, as one-half of the commission received by the defendants on the sale of certain real estate. The plaintiff claims that he aided the defendants in the negotiations which resulted in the sale, and that under the custom of the trade he was entitled to one-half of the commission. The defendants deny the rendition by the plaintiff of any service, and claim that under the custom of the trade, where two brokers work jointly in a transaction which results in a sale, a division of the commission is usually made, but not necessarily in equal shares; the division being governed by the special circumstances attending the transaction. The issues were submitted to the jury in a charge to which no exception was taken; hence the alleged errors cannot be considered. The jury allowed plaintiff $475 damages. This amount is excessive, as the undisputed evidence is that defendants received as the entire commission only $500, and, even if the custom contended for by the plaintiff prevails, he is not entitled to more than one-half of that sum.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

---

(56 Misc. Rep. 602.)

### BONDY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   November 29, 1907.)

DAMAGES—INJURY TO PERSONAL PROPERTY—VALUE OF USE OF PROPERTY.

In an action for injuries to plaintiff's automobile, where there was no evidence that he used it for business purposes, or as a source of profit, or that he hired any other vehicle to take its place while it was being repaired, its rental value during that time was not a proper element of damages, since it was not shown to be an article in daily use, whose usable value was known and readily ascertained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 272.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by William Bondy against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed, on condition that plaintiff stipulate to reduce the judgment.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

William E. Weaver, for appellant.

William Bondy, pro se.

ERLANGER, J.   A car operated by the defendant collided with the plaintiff's automobile, and this action was brought to recover the dam-

ages sustained by reason of the collision. Upon the question of the negligence of the defendant and freedom from negligence of the plaintiff there was a conflict of evidence. The court below found in favor of the plaintiff. The appellant urges that the judgment is against the weight of evidence. An examination of the record does not support such contention. The judgment was rendered for the sum of $500, the extreme limit for which the court had jurisdiction. The items of damage proven were $148 for repairs to the machine and the sum of $69.70 for a new tire. The difference between the total of these two items and the amount of the judgment is for the usable or rental value of the automobile, which a witness testified was $200 per week for a period of three weeks while the same was being repaired. The plaintiff testified that he was the owner of the machine, and that every time it was taken out it was used for "healthy purposes and pleasure." The proof as to rental value was objected to, and a motion was made to strike it out as irrelevant, immaterial, and not the proper measure of damage, which motion was denied.

It is urged upon this appeal that such damages are not legally recoverable upon the facts established in this case. That the use of an automobile may, upon being shown to have been used for the purposes of business or as a source of profit, have a marketable value, or a value capable of being estimated without indulging in mere conjecture, is undoubted; but nothing of the kind was proved in the case at bar. The plaintiff, so far as appears, did not incur any expense in hiring a substitute for the three weeks his machine was in the repair shop; nor is there any evidence that it was a source of profit or income to him. The evidence as to the rental value was limited to this particular machine, and it was not shown to be an "article in constant and daily use, whose usable value, being known and readily ascertained, constitutes a proper element of damages." Volkmar v. Third Ave. R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021. None of the cases cited by respondent upholds his contention. In those cases the actual reasonable outlay for the rent of articles in lieu of the injured articles was shown, as, for example, in Wellman v. Minor, 19 Misc. Rep. 644, 44 N. Y. Supp. 417, the plaintiff proved the amount paid for a carriage in his business while his damaged one was undergoing repairs, and in Moore v. Met. St. Ry. Co., 84 App. Div. 613, 82 N. Y. Supp. 778, it was established that the wagon injured was used in plaintiff's business. The circumstances disclosed by the testimony in the case at bar are somewhat similar to those in Foley v. 42d St., etc., Ry. Co., 52 Misc. Rep. 183, 101 N. Y. Supp. 780, where this court held the plaintiff was not entitled to recover for alleged damages upon such proof.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless plaintiff will stipulate within five days to reduce the judgment to $217.70 and appropriate costs in the court below, in which event the judgment, as so modified, will be affirmed, without costs of this appeal. All concur.