a finding that plaintiffs' efforts were the procuring cause of the sale, and will sustain a recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116, 117.]

**2. SAME—ADMISSIBILITY OF EVIDENCE.**

In an action by a broker for commissions, conversations between the purchaser or vendor and another broker after a sale is completed are neither competent nor material.

Appeal from City Court of New York, Trial Term.

Action by John J. O'Shea and another against Edward E. Brill on a brokerage contract. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Edward W. Drucker, for appellant.

Jacob Friedman, for respondents.

BISCHOFF, J. The evidence justified the jury's finding that the plaintiffs' efforts were the procuring cause of the sale. While the purchaser had not agreed with these brokers to give the full price asked by the defendant, the inference is quite permissible that the final agreement between vendor and purchaser, for a sale at a price closely adjusted to the difference in what the plaintiffs caused to be asked and offered, was due to the exertions of the latter in finding the purchaser and in bringing the parties to a point where no more influence upon the purchaser's mind was needed. The question was one of fact and of the reasonable inferences to be drawn from the facts, and we cannot say that the preponderance of evidence was not fairly with the plaintiffs' side of the case.

Certain rulings in the exclusion of evidence are referred to by counsel as presenting reversible error, but we fail to find that error was committed. Certainly the conversations between the purchaser or the vendor and another broker, after the sale, were in no way competent or material, and the other rulings to which our attention is called were properly made because the questions were either too indefinite to touch the issue, or called for incompetent evidence.

The judgment should be affirmed, with costs.

GILDERSLEEVE, J., concurs. MacLEAN, J., favors affirmance without opinion.

---

MURPHY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. March 5, 1908.)

**1. DAMAGES—ELEMENTS—RENT OF AUTOMOBILE.**

In an action for damage to plaintiff's automobile, the rental value of the automobile while it was being repaired was not an element of damage, where it was not shown that he used another, or had need of one.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 279.]

2. SAME—COST OF REPAIRS.

In an action for an injury to plaintiff's automobile, it was improper to admit testimony as to the cost of the repairs, other than those shown to be due to the accident complained of.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John J. Murphy against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

James L. Quackenbush (William E. Weaver, of counsel), for appellant.

Kneeland, La Fetra & Glaze, for respondent.

MacLEAN, J. From the testimony of himself, his companions, and his chauffeur, it would appear that when the plaintiff's automobile, running at 6 or 7 miles an hour westerly along 112th street, reached the easterly house line of Eighth avenue, a south-bound trolley car was seen 125 feet above the crossing, coming at 15 to 20 miles an hour (22 to 30 feet a second); that the automobile was not stopped, but proceeded at the same rate until the chauffeur put on the brakes and turned the car southward just before colliding with the car about 10 feet south of the northerly crossing. From the relative positions of the automobile and the car when both were still just after the collision, and from the locations of the damage done to them severally, it would seem rather that the automobile ran into the car than the contrary, heightening the inference of contributory negligence on the part of the person managing the automobile venturesomely continuing its course in the front of the car coming at high, even runaway, speed. That phase of the contentions presented upon this appeal need not be further mentioned, as the evidence may be changed on a new trial, which is necessary by reason of erroneous admissions, against objections and over exceptions, of evidence as to elements of damages provable in this case, namely, testimony as to the rental value of an automobile during the time the plaintiff's was being repaired, although he neither used another, nor showed that he had need of one, and the testimony as to the costs of repairs, other than those shown to be due to the accident.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

BISCHOFF, J. (concurring). The theory of the plaintiff's case, upon the proofs, was that his automobile was not sought to be driven across the track and in front of the oncoming car. Agreeably to this theory, there was no reason for the defendant's servant to assume that the automobile would not be stopped in accordance with the chauffeur's evident intention, and the evidence for the plaintiff showed that there

was ample space within which it could have been stopped after the chauffeur made his apparent choice not to take the right of way. There should, therefore, be a new trial, upon the ground that the judgment is contrary to the evidence.

As to damages, it appears that some items of expense for repairs were allowed which were not traced to the consequences of the accident; but, for the purposes of the new trial, it may be noted that the plaintiff, if deprived of the usable value of his automobile for a time through the defendant's negligence, would be entitled to compensation for the loss, notwithstanding that he did not actually procure another automobile, by hire, during the interval (Volkmar v. Railroad Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021; Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641; Mailler v. Express Pro. Line, 61 N. Y. 312, 316; Whitehall Trans. Co. v. N. J. Steamboat Co., 51 N. Y. 369; Jackson Iron Works v. Hurlbut, 158 N. Y. 40, 52 N. E. 665, 70 Am. St. Rep. 432; Schalscha v. Railroad Co., 19 Misc. Rep. 141, 43 N. Y. Supp. 251, and although the use of the thing injured may have been for pleasure wholly, and not for profit (Wellman v. Miner, 19 Misc. Rep. 644, 44 N. Y. Supp. 417). To support this item of damage proof would, of course, be necessary upon the question whether the automobile had a usable value (Bondy v. N. Y. City Ry. Co., 56 Misc. Rep. 602, 107 N. Y. Supp. 31), and what that value was. The mere expense of hiring another vehicle of the same type, where it was not actually incurred, would hardly establish the fact of a known usable value; but that fact would be susceptible of proof by properly qualified opinion. While error may have been committed in the award of damages for loss of use, upon the proofs before the court below, we cannot say that the item may not be established upon a new trial by the production of competent evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

