## PETERS v. STREEP.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

DAMAGES (§ 174*)—EVIDENCE—COMPETENCY.

    Where plaintiff's automobile was injured through defendant's negli-
gence, evidence of what the expense of hiring another automobile during
the period plaintiff's car was being repaired would have been is incompe-
tent to determine plaintiff's loss, although money actually expended in
the hire of another may be recovered.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec.
Dig. § 174.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Harry W. Peters against J. Newton Streep. From a judgment for plaintiff, defendant appeals. Affirmed on condition that plaintiff enter remittitur; otherwise, reversed.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

William F. McNamara, for appellant.

John B. Merrill, of New York City, for respondent.

PER CURIAM. The judgment appealed from erroneously includes an award of $150 for the loss of the use of the automobile during the period of 15 days that it was claimed the machine was undergoing repair. No proof was offered that it necessarily took 15 days, or any particular length of time, to repair the machine; nor was there any evidence whatever as to the reasonable value of the use of such a car, unless the testimony of a witness that it was worth $20 a day to hire such a car be regarded as evidence of such usable value.

Conceding that the plaintiff, if deprived of the usable value of his automobile for a time, through the defendant's negligence, would be entitled to compensation for the loss (Murphy v. N. Y. City Ry. Co., 58 Misc. Rep. 237, 239, 108 N. Y. Supp. 1021), the sum which it would cost to hire another automobile during the period when his own car was being repaired is not a competent legal basis for determining usable value (Murphy Case, supra). And see Bondy v. N. Y. City Ry. Co., 56 Misc. Rep. 602, 107 N. Y. Supp. 31. The recovery of $84 paid for repairs is supported by the evidence; and plaintiff's actual outlay of $25 for the hire of another car during the period when his own was being repaired may be recovered. Wellman v. Miner, 19 Misc. Rep. 644, 646, 44 N. Y. Supp. 417.

The judgment should be reversed, and a new trial ordered, with costs to abide the event, unless plaintiff will stipulate within five days to reduce the judgment to $109 and appropriate costs in the court below, in which event the judgment, as so modified, will be affirmed, without costs of this appeal.