(79 Misc. Rep. 605.)

### CARDOZO v. BLOOMINGDALE.

(Supreme Court, Appellate Term, First Department.  March 7, 1913.)

DAMAGES (§ 44*)—INJURIES TO PROPERTY—LOSS OF USE.

    On a trial for damages to an automobile sustained in a collision, plaintiff's reasonable expenditure for the hire of another car to replace his own while being repaired was recoverable.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91;  Dec. Dig. § 44.*]

Appeal from City Court of New York, Trial Term.

Action by Ernest A. Cardozo against Irving Bloomingdale.  From a judgment on a directed verdict in his favor for insufficient damages,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., of New York City, of counsel), for appellant.

Herrick C. Allen, of New York City (Murray G. Jenkins, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff recovered from defendant for damages to plaintiff's automobile arising out of a collision with defendant's automobile. Defendant's liability was conceded; the question involved in this appeal being the extent of the damage which plaintiff might recover. The amount included in the verdict, as directed, covers merely the cost of repairs. Evidence offered by the plaintiff to prove the "usable value" of the car during the time that it was being repaired, i. e., his reasonable expenditure to replace it by hiring another car during that period, was excluded, and plaintiff excepted. Both reason and authority are, I think, in favor of including this item in the amount of plaintiff's damage. See Wellman v. Miner, 19 Misc. Rep. 644, 44 N. Y. Supp. 417; Murphy v. N. Y. City Ry. Co., 58 Misc. Rep. 237, 108 N. Y. Supp. 1021; Jessup v. Platt, 76 Misc. Rep. 466, 135 N. Y. Supp. 635.

The cases which respondent cites as overruling Wellman v. Miner, if they may be so considered, expressly or impliedly recognize the right to a recovery for the renting of an article to replace one regarded as a mere luxury during the time of repair, even though they do not approve of the bare principle that the usable value of an article of luxury may be recovered. See Bondy v. N. Y. C. R. R., 56 Misc. Rep. 602, 107 N. Y. Supp. 31; Foley v. Forty-Second St. Ry. Co., 52 Misc. Rep. 183, 101 N. Y. Supp. 780; Murphy v. N. Y. C. Ry. Co., supra. The brief of respondent's counsel omits the language to which I refer, in its quotation from the opinion in the Bondy Case, and from its collection of excerpts from the opinion in the Foley Case.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.