## Amedeo et al. v. Tyrrell et al.

*Thompson Bradshaw*, for plaintiffs.
*Reed & Ewing*, for defendants.

McCREARY, P. J., June 17, 1946.—In the above-entitled case defendants filed a motion for a new trial after the jury returned a verdict in favor of plaintiffs and against defendants in the amount of $375.86, damages alleged to have been suffered by plaintiffs to their automobile growing out of the negligence of defendants.

At the time of the trial the court directed the jury to separate the items of damage, and accordingly they returned their verdict as follows:

"And now, to wit, April 22, 1946, we, the jurors empaneled in the above-entitled case, find Gordon Tyrrell and William Martin Culbertson guilty of negligence and award plaintiffs Carl Amedeo and Dominic Amedeo damages in the amount of $375.86. $325.86 for repairs and parts and $50 for compensation for loss of use of car."

Defendants assign the following reasons for a new trial:

"(1) The learned court erred in charging the jury that any sum could be recovered for loss of use of an automobile;

"(2) The learned court erred in permitting any recovery for loss of use under the testimony given at the trial;

"(3) The verdict was against the law;

"(4) The verdict was against the weight of the evidence."

The third and fourth reasons cited by defendants are absolutely without merit. Indeed, it was conceded at the oral argument that the only question involved in the case is whether a plaintiff, whose automobile has been damaged through the negligence of a defendant, can recover any damages for the loss of the use of his automobile during the period of time it was necessarily laid up for repairs.

We are of the opinion that a plaintiff is entitled to recover for any loss of which defendant's act is the legal cause, including the value of the loss of use during the period the automobile is necessarily laid up for repairs. The rule is properly stated in paragraph 928 of the A. L. I. Restatement of Torts, as follows:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(*a*) The difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

"(*b*) the loss of use."

The American Law Institute elaborates by making the following comment on clause (*b*):

"In addition to damages for the diminution of the value of the subject matter or other similar elements of damages, the plaintiff is entitled to recover for any loss of which the defendant's act is the legal cause, either because the plaintiff is unable to use the subject matter until it is repaired or replaced or otherwise."

In section 931 of the A. L. I. Restatement of Torts the rule for ascertainment of the damages for loss of use is stated as follows:

"Where a person is entitled to a judgment for the detention of, or for preventing the use of, land or chattels, the damages include an amount for

"(a) the value of the use during the period of detention or prevention, or the value of the use of or the amount paid for a substitute, and

"(b) an amount for harm to the subject matter or other harm of which the detention is the legal cause."

We are satisfied that this is the general rule throughout the United States, including the State of Pennsylvania, although we have not been able to find any appellate court ruling in the State of Pennsylvania relative to damages for loss of use of a pleasure car for the period it is necessarily laid up for repairs. However, Hargest, P. J., in a very able opinion in the case of Butterworth v. Harrisburg Railways Co., 30 Dist. R. 492, stated that the rule of recovery is the same whether the automobile is one used exclusively for business, or for pleasure. He used the following language announcing this rule (p. 495) :

"It is difficult to see any distinction between the measure of damages applied to injuries to an automobile and injuries to a horse. It has been held in many jurisdictions that the loss of use of a horse is a proper element of damage to be allowed in addition to depreciation in the market value of the horse: Streett v. Laumier, 34 Mo. 469; Albert v. Bleecker Street Ry. Co., 2 Daly 389; Overpeck v. Rapid City, 14 S. D. 507, 85 N. W. Repr. 990; Atlanta & West Point R. R. Co. v. Hudson, 62 Ga. 679. See, also, cases collected in Cook v. Packard Motor Car Co., 55 L. R. A. (N. S.) 319, 323.

"In a few jurisdictions a distinction has been made between an automobile used for business and one used for pleasure, and it has been held that no recovery can be had for the loss of an automobile used only for pleasure, because pleasure does not have a market value and is not capable of being estimated without indulging in conjecture: Bondy v. N. Y. City Ry. Co., 107 N. Y.

Supp. 31. The later and better considered cases, however, hold that an owner may recover for the loss of use of his automobile, even if used only for pleasure: Cook v. Packard Motor Car Co., 55 L. R. A. (N. S.) 319; Dettmar v. Burns Brothers, 181 N. Y. Supp. 146; Perkins v. Brown, L. R. A. (1915) F. (Tenn.) 723; Banta v. Stamford Motor Car Co., 92 Atl. Repr. (Conn.) 665. The same is applied by the House of Lords in England: In Greta Holme, L. R. (1897) A. C. 597; 66 L. J. Prob. (N.S.) 166; The Mediana, L. R. (1900) A. C. 113, 69 L. J. P. D. Ad. (N. S.) 35."

In Berry on Automobiles (3rd ed.) we find the general rule stated as follows (pp. 908-909):

"As stated in the first edition of this work, the right to recover for the wrongful deprivation of the use of an automobile used only for pleasure is clear; the only difficulty being the ascertainment of the amount of damages allowable therefor. It is clear, for instance, that the owner could not recover the rental value of his car during the period of detention, for such rental value includes a substantial allowance for depreciation and repairs, to which the owner's car would not be subjected during such time. It includes also a substantial allowance for the overhead expenses and the profits of carrying on the business of renting motor cars. Neither is the owner entitled to the rental value of his car less deductions for these items, for, even if he was engaged in the business of renting motor cars, it would not follow, without evidence to that effect, that the car would probably have been rented every day, or for any given number of days.

"But this situation is not a novel one in the law. It is no more difficult for the jury to arrive at the proper amount of damages for the deprivation of the use of a pleasure vehicle than it is for them to make an award for pain and suffering, or for an injury to character when no special damages are pleaded. The jury should be informed as to what use the owner was accustomed

to make of his car, how far and for what purposes he was dependent on it, and of such other facts as will assist them in forming a just conception of the actual extent of the injury naturally and necessarily inflicted in consequence of the loss of the use of the car.

" 'Manifestly, no general rule for this class of cases can be laid down, except that the jury should award fair and reasonable compensation according to the circumstances of each case. If the actual injury is trifling, the damages will be small; but in any event they are in the nature of substantial, and not nominal, damages'. It is immaterial to this right that the plaintiff did not expend money in hiring a substitute car while his was being repaired."

In the case at bar the jury was instructed that the value of the loss of use of the pleasure car involved in the suit being considered was not to be determined by them by reference to certain testimony in the case to the effect that the rental value of an automobile similar to the one owned by plaintiff was $5 per day. The jury was instructed to consider all of the evidence in the case which would throw any light on the value of the loss of use, such as the evidence to the effect that the plaintiff used his automobile to take him back and forth to work daily; that he used it for taking his family out at times for pleasure rides, and testimony of similar import.

It will be noted that the jury allowed plaintiffs the sum of $325.86 for repairs and parts, which is the exact amount of the bills proven by them, and the jury then allowed the plaintiffs an additional $50 "for compensation for loss of use of car". The testimony showed that plaintiff had, by reason of war conditions, suffered the loss of use of his car, while it was necessarily laid up for repairs, over a period of weeks. We are satisfied that under the law $50 was not an excessive sum to

allow for loss of use during the period of enforced idleness of plaintiff's automobile.

We are satisfied that justice does not require the granting of defendants' motion for a new trial.

NOTE.—July 22, 1946, judgment entered for $375.86 in favor of plaintiff. July 22, 1946, judgment satisfied.