ANTHONY PITTARI et al., Plaintiffs, *v.* MADISON AVENUE COACH COMPANY, INC., Defendant.

City Court of the City of New York, Trial Term, New York County, February 4, 1947.

*Robert Jablin* for plaintiffs.

*Henry J. Smith* for defendant.

CAPOZZOLI, J. This case was tried before the court and a jury and resulted in verdicts for the plaintiff, Castellano, for personal injuries and for the plaintiff, Pittari, for property damage. A special verdict in the sum of $100 for loss of use of plaintiff Pittari's automobile was rendered. Motions made by the defendant to set aside the verdicts on the usual grounds were denied.

Defendant then moved to set aside the verdict of the jury awarding the sum of $100 to the plaintiff, Pittari, for loss of use and the court reserved decision of this motion.

The defendant argues that whatever may be the law in other judicial departments, here in the First Department the law does not permit the recovery of damages for the loss of use of an automobile injured in an accident, if it is not employed for business purposes and has not been replaced while being repaired. The defendant cites the following Appellate Term, First Department, cases: *Donnelly* v. *Poliakoff* (79 Misc. 250); *Foley* v. *42d Street, M. & St. N. Ave. R. R. Co.* (52 Misc. 183); *Murphy* v. *New York City Railway Co.* (58 Misc. 237); *Bondy* v. *New York City Railway Co.* (56 Misc. 602); *Cardozo* v. *Bloomingdale* (79 Misc. 605), and *Zerman* v. *Misroch* (192 N. Y. S. 881).

The cases just cited are not in entire accord with other decisions in the same court, and are at variance with the rule generally adopted — not only in New York, but in other jurisdictions.

The defendant places great reliance on *Donnelly* v. *Poliakoff* (*supra*). However, the Appellate Term, First Department, in the later case of *Naughton Mulgrew Motor Car Co.* v. *Westchester Fish Co.* (105 Misc. 595), refused to follow the *Donnelly* case and, at page 599 of the opinion, said: " Surely it would be unjust to compel the owner of the car to hire another car in order to entitle him to claim compensation for the loss of the use of his own car. He might, for example, not be financially able, or have sufficient credit to hire a car."

The general rule is that damages for loss of use of an automobile may be allowed against one who negligently injures it, although the owner uses it only for pleasure and despite the failure of the owner to hire another automobile to take the place of the injured vehicle. (*Dettmar* v. *Burns Bros.*, 111 Misc. 189; *Naughton Mulgrew Motor Car Co.* v. *Westchester Fish Co.*, *supra; Mencaccy* v. *Studebaker Corp. of America*, 202 N. Y. S. 718; *Benson* v. *Netherland Cab Co.*, N. Y. L. J., Dec. 22, 1937, p. 2309, col. 1 [App. Term, 1st Dept.].)

In the case of *Murphy* v. *New York City Railway Co.* (58 Misc. 237, *supra*), cited by the defendant, Mr. Justice BISCHOFF, in concurring in the reversal of the judgment then before the court, said (p. 239): " * * * for the purpose of the new trial, it may be noted that the plaintiff, if deprived of the usable value of his automobile for a time, through the defendant's negligence, would be entitled to compensation for the loss, notwithstanding that he did not actually procure another automobile, by hire, during the interval * * * and although the use of the thing injured may have been for pleasure wholly and not for profit * * *."

In the case of *Benson* v. *Netherland Cab Co.* (*supra*) Mr. Justice SCHACKNO, of the City Court, Bronx County, allowed recovery for loss of use of a private car, although the owner did not hire another pending repairs to his own. On appeal to the Appellate Term, First Department, the judgment was affirmed by a vote of two to one. In his dissenting opinion Mr. Justice LYDON argued that the plaintiff should not have recovered for the loss of use of his car where it had not been replaced while being repaired. The majority of the court, however, held otherwise and it would therefore seem to be established that the rule in the First Department now accords with the general rule adopted elsewhere in the State.

The motion of the defendant to set aside the verdict of the jury, allowing $100 for loss of use to the plaintiff, Pittari, is therefore denied. All other motions of which decision was reserved are also hereby denied, with exceptions to defendant.