**Tom VINT, Appellant,**

v.

**Margaret J. CORKERY, Appellee.**

**No. 55353.**

Supreme Court of Iowa.

Feb. 21, 1973.

Swanson & Krohn, Newton, for appellant.

Donald Louden, Grinnell, for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

Plaintiff claims he is entitled to a real estate commission for the sale of defendant's motel in Grinnell, Iowa. After trial to the court, a judgment was entered for defendant. Plaintiff appeals and we affirm.

Defendant gave plaintiff, who is a real estate broker, an exclusive listing to sell her motel. The agreement provided defendant would pay plaintiff a commission of six percent upon sale of the property through plaintiff's efforts.

Plaintiff advertised the motel for sale in several newspapers, describing it only as "motel #489." He received a number of responses, including one from Robert B. Anderson, to whom the motel was later sold. Anderson's inquiry was received about May 11, 1970. On June 15, 1970, plaintiff furnished Anderson with a description of the motel and details concerning its operation. Within a few days thereafter Anderson advised plaintiff he was no longer interested. Later plaintiff discovered through a trade magazine that the motel had been sold to Anderson. He now claims a commission, asserting the sale resulted from his efforts in bringing Anderson and defendant together.

Anderson, on the other hand, while testifying for defendant, stated he learned that defendant's motel was for sale from other sources. He says that between May 11, the day upon which he answered plaintiff's ad, and June 15, the date upon which he received a reply, he examined the motel, talked with defendant, and secured information from defendant's attorney concerning its income and operational costs.

The appeal involves no law question. It is a dispute of fact only.

Obviously the testimony of plaintiff and that of Anderson, upon whom defendant's defense depends, is directly contradictory. The result rests upon the credibility of one or the other.

This is a law action tried to the court, whose findings have the force of a special jury verdict if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure; Weisbrod v. State of Iowa, Iowa, 193 N.W.2d 125, 127 (1971) and citations.

■ We believe there was substantial evidence to support either conclusion the trial court might have reached. The determination that Anderson's testimony was

entitled to belief and that plaintiff's wasn't is binding on us under the circumstances here.

As part of his argument on appeal, plaintiff urges he was prevented from performing his contract by the deception of the purchaser Anderson. This matter was first raised in plaintiff's motion for a new trial. Before then plaintiff claimed he *had* performed his contract. At no time did he plead or assert excuse for non-performance. The trial court was right in refusing a new trial simply to afford a defeated litigant a second chance on a different theory. Frink v. Commercial Bank of Emmetsburg, 195 Iowa 1011, 1022, 191 N.W. 513, 519 (1923); Snouffer & Ford v. City of Tipton, 150 Iowa 73, 85, 86, 129 N.W. 345, 350 (1911); Thyssen v. Davenport Ice and Cold Storage Co., 134 Iowa 749, 751, 112 N.W. 177, 178 (1907); 58 Am.Jur.2d, New Trial section 16 (1971); 66 C.J.S. New Trial § 13 (1950).

Finding no reversible error in the issues raised by defendant, we affirm the judgment.

Affirmed.