C. CRAWFORD HOLLIDGE *vs.* CHARLES DUNCAN.

Suffolk.     March 27, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Agency.   Negligence.   Proximate Cause.*

At the trial before a judge without a jury of an action of tort to recover for personal injuries alleged to have been received by the plaintiff, while walking upon a sidewalk on a public street in a city, by reason of a tongue on a dump cart owned by and in charge of an employee of the defendant either hitting the plaintiff or falling against a window and breaking glass which fell upon the plaintiff, there was evidence tending to show that the horses had been unhitched from the cart and that the tongue was left sticking up in the air, and it was admitted by the defendant, in answer to interrogatories by the plaintiff, that the cart was out of order and that the driver was trying to repair it and had asked

a bystander to assist him, that the bystander "took hold of a blanket which was caught between the seat and the sweep of the cart and jerked it free, and, as he did so, the perch broke and the pole swung around over the sidewalk, and hit a window, breaking the glass." There was evidence that the plaintiff was hit either by the tongue or by the glass. The defendant introduced no evidence. The judge found for the plaintiff. *Held,* that the finding was warranted, both because it was within the scope of the driver's authority to procure the assistance of the bystander under the circumstances, and therefore what was done by the bystander was as if done by the driver; and also because the unexplained defective condition of the cart could have been found to have been a contributing cause of the accident.

TORT for personal injuries alleged to have been received by the plaintiff, while he was upon a sidewalk on Washington Street in Boston, by being struck either by the tongue of a dump cart owned by the defendant and in charge of an employee of his, or by glass falling from a window which the tongue fell against and broke. Writ in the Superior Court for the county of Suffolk dated March 15, 1906.

There was a trial before *Sanderson,* J., without a jury. The facts are stated in the opinion.

At the close of the plaintiff's evidence the defendant rested, and requested the judge to rule as follows : (1) On all the evidence the plaintiff cannot recover ; (2) the accident happened through the negligence of an outsider and the plaintiff cannot recover ; (3) if the swinging of the pole was not to be expected, the plaintiff cannot recover ; (4) the proximate cause of the accident was the pulling of the blanket by an outsider and therefore the plaintiff cannot recover.

The requests were refused, there was a finding for the plaintiff, and the defendant alleged exceptions.

*J. Lowell & J. A. Lowell,* for the defendant.

*E. F. McClennen,* for the plaintiff.

MORTON, J. While the plaintiff was looking into a shop window on Washington Street, he was struck by the pole or tongue of a dump cart owned by the defendant, and loaded with gravel and standing in the street parallel with the sidewalk, or by the plate glass falling from the window broken by the pole, and received the injuries complained of. The horses had been unhitched from the cart, and the pole " was sticking up in the air " as a witness described it. In answer to written interrogatories from the plaintiff, the defendant stated that the cart was out of

order and that the driver was trying to fix it and asked a bystander to assist him ; that " the bystander took hold of a blanket which was caught between the seat and the sweep of the cart and jerked it to get it free, and as he did so the perch broke and the pole swung around over the sidewalk and hit a window, breaking the glass, some of which fell on a person standing near." The accident was described in substance as follows by a person who was passing along the street and saw it : " he noticed that the robe was caught under the sweep and that somebody came along and pulled it; that the cart lurched and the pole went a little higher and then suddenly swung around over the sidewalk and fell against the window smashing it.   He saw the plaintiff struck and fall.   As the pole swung around the body of the cart fell down and appeared to be wholly disconnected." On cross-examination this witness said that he was not sure whether the pole struck the plaintiff, or the chains on it, or the falling glass, but he thought that it was the falling glass.   There was nothing to show how long the cart had been out of order or what caused it to be out of order.   The defendant did not call the driver as a witness and did not testify himself and introduced no evidence.   There was a finding for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge to give certain rulings which he requested.

The defendant contends in substance that the accident was caused by the jerking or pulling of the blanket by the bystander, and that he is not liable therefor because the driver had no authority to procure assistance from the bystander.   But we think that the act of the bystander must be regarded as the act of the driver.   The cart was out of order and the driver was trying to fix it as he was bound to do.   For that purpose he asked the bystander to assist him.   And in doing so he used the assistance of the bystander as he would have used a tool or appliance which he had procured, and which he must be regarded as having implied authority to procure under the circumstances.   The fact that the tool or appliance was an intelligent human being does not affect the matter any more than the fact that another person held the reins did in *Booth* v. *Mister*, 7 C. & P. 66.   The case is not one where the servant attempted to delegate his duty to another as in *Gwilliam* v. *Twist*, [1895] 2 Q. B. 84; but a case

where the driver needed for a moment, in the performance of his duty in a sudden emergency, another hand, and found it in the assistance given at his request by a stranger, and what was done by the stranger was as if done by himself. See *Althorf* v. *Wolfe*, 22 N. Y. 355; *Campbell* v. *Trimble*, 75 Texas, 270; *Bucki* v. *Cone*, 25 Fla. 1; *Pennsylvania Co.* v. *Gallagher*, 40 Ohio St. 637; *James* v. *Muehlebach*, 34 Mo. App. 512.

Moreover the cart was out of order and the defendant offered no explanations as to how long it had been out of order or what caused it to be so. In the absence of such explanation the judge was warranted in finding that the cart would not have been out of order but for the defendant's negligence. And he could also find that its condition was a contributing cause of the accident. *Lane* v. *Atlantic Works*, 107 Mass. 104. In other words, he could find that, if it had not been for the condition of the cart, the action of the bystander in pulling out the blanket would not have caused the body of the cart to fall, as one of the witnesses testified that it did, and the pole to swing round over the sidewalk, thereby striking the plaintiff, or breaking the window so that he was injured by the falling glass. It is not necessary to render the defendant liable that he should have been able to foresee the precise manner in which the accident happened. It is enough if injury to another was reasonably to be apprehended as a result of his negligent conduct. *Lane* v. *Atlantic Works*, *ubi supra*. *Feely* v. *Pearson Cordage Co.* 161 Mass. 426. We see no error in the manner in which the judge dealt with the case.

*Exceptions overruled.*