# Weinacker Ice & Fuel Co. *v.* Ott.

*Personal Injury Action.*

(Decided Nov. 16, 1909.—50 South. 901.)

1. *Master and Servant; Injury to Third Person; Jury Question.*— In an action against one engaged in the ice business for injuries to a child alleged to have been pushed off defendant's wagon causing a breaking of its leg, the question as to whether one attending the wagon, alleged to have been the one who pushed the child off, was defendant's agent, and if so, whether or not, he was acting within the line or scope of his employment, was under the facts in this case, a question for the jury.

2. *Same; Liability of Master; Scope of Employment.*—Where the driver of an ice wagon had authority from his employer to employ assistants and an assistant so employed by the driver pushed a child from the wagon while he was standing thereon endeavoring to purchase ice, and the child was injured, the employer was liable, although the assistant was not in charge of the wagon, but was merely employed to deliver ice from it.

3. *Appeal and Error; Harmless Error; Remarks of Court.*—Although the court remarked in response to a motion to exclude plaintiff's evidence: "This is a case where a young boy got his leg broken, and as questions such as those arising in this case are continually coming up, this is a good case for the Supreme Court," if subsequently, or at the time the court withdrew the remarks with instructions to the jury not to regard it, the error, if any, was cured.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWN.

Action by Thomas Ott, by his next friend, against the Weinacker Ice & Fuel Company. Judgment for plaintiff, and defendant appeals. Affirmed.

[Weinacker Ice & Fuel Co. v. Ott.]

The facts are sufficiently stated in the opinion. Charge was as follows. "I charge you, gentlemen of the jury, if you believe a person caused Thomas Ott to fall off defendant's wagon, not in charge of the wagon, and simply employed to deliver ice from the wagon, such acts are not within the scope of his employment, and they cannot find for the plaintiff." The remarks of the court referred to are as follows: At the time of the motion to exclude all of plaintiff's evidence was refused, the court said: "This is a case where a young boy got his leg broken, and as questions such as those arising in this case are eternally coming up, this is a good case for the Supreme Court."

INGE & ARMBRECHT, for appellant.—The parties employed by the driver were not servants nor employes of the defendant.—26 L. R. A. 739; *Mangan v. Foley,* 33, Mo. App. 350; *Jewell v. Grand Trunk,* 55 N. H. 84; *Simons v. Monier,* 29 Barb. 419; *Edwards v. Jones,* 67 How. 177; *Thorpe v. Minor,* 109 N. C. 152. There was no evidence tending to show that the party pushing the boy off was acting within the line of his duty and hence, the master is not liable.—*L. & N. v. Whitman,* 79 Ala. 328; *M. & O. v. Seals,* 100 Ala. 368; *City D. Co. v. Henry,* 139 Ala. 161; *Taylor C. & C. Co. v. Benson,* 39 South. 727; *W. Ry. v. Milligan,* 135 Ala. 205; *Hardeman v. Williams,* 43 South. 727. The evidence showed only a personal wrong of the servant.—*Goodlow v. M. & C. R. R. Co.,* 107 Ala. 233; *Ill. Cent. v. Ross,* 31 Ill. App. 170; see also 35 Am. Dec. 189; 8 Am. St. Rep. 512; 70 Ala. 268; 47 Am. St. Rep. 146.

WEBB & MCALPINE, for appellee.—The court did not err in declining to exclude plaintiff's testimony.—*L. & N. v. Perkins,* 144 Ala. 325. The relation of master

and servant existed.—*T. C. I. & R. R. Co. v. Hayes,* 97 Ala. 201; 8 Ency. of Evi. 497; 45 Fed. 225; 58 N. J. L. 263. The question as to whether or not the servant was acting within the scope of his employment, was for the jury.—*Guilmartin v. New York,* 55 Barb. 239; 64 N. Y. 129; 31 N. E. 383; *Steele v. May,* 135 Ala. 493; *Bir. W. W. Co. v. Hubbard,* 85 Ala. 179. On these authorities it must be held that the boy who pushed plaintiff off was in the service or employment of defendant.

MAYFIELD, J.—Appellant corporation was engaged in the making, selling, and delivering of ice in the city of Mobile. Appellant used large wagons in delivering the ice to its regular customers, and, in making these deliveries, sales were made from the wagons. Appellant contends that it employed only one driver to each of these wagons, and that the driver employed such assistance as he desired; but it appeared that one or two negro boys, besides the driver, attended the wagons of defendant, and assisted in the sale and delivery of ice from its wagons. The negro boy who is alleged to have caused the injury to plaintiff appears to have attended one of defendant's wagons and to have assisted in the sale and delivery of ice for a year or more.

The plaintiff was a small boy, a mere child, and was sent to the defendant's wagon to purchase five cents' worth of ice. He asked the negro boy to sell him the ice. The boy paid no attention to his request, but proceeded to deliver a piece of ice to another customer. Plaintiff took his stand upon the back steps of the ice wagon to await the return of the negro boy, and when the latter returned plaintiff again asked him to sell him the ice. The negro boy, in reply, ordered the wagon to drive on, shoving plaintiff off the wagon, and as plaintiff fell his

[Weinacker Ice & Fuel Co. v. Ott.]

foot went between the spokes in the wagon wheel, which resulted in breaking his leg and otherwise bruising and injuring him. Hence this suit.

Defendant claimed that no liability was shown, in that there was no evidence to show that the negro boy alleged to have caused the injury was an agent or servant of the defendant, or, if there was any evidence of this fact, that it was not shown that he was acting within the line and scope of his authority or employment when he pushed plaintiff from the wagon, thus injuring him. It contends, in other words, that there was no evidence to show that the defendant corporation was responsible for the wrongful act of the negro boy, nor that it was liable to plaintiff for the injuries suffered by him in consequence of the wrongful act of the negro boy.

When plaintiff closed his evidence, defendant requested the court to exclude all the evidence, because no case had been made against defendant, for the reason stated above. The court overruled this motion, and defendant excepted. Again, after all the evidence for both plaintiff and defendant had been introduced, the defendant renewed its motion to exclude the plaintiff's evidence for the same reason, and for the further reason that defendant's evidence showed that the negro boy was not the agent of defendant, and it was not liable for his wrongful act. The court overruled this motion, to which ruling defendant excepted. The defendant then requested the court to give the general affirmative charge in its favor, which the court refused to do. These are the rulings chiefly relied upon by the defendant for a reversal of the judgment,, and they each raise practically the same question as applied to the particular facts and issues of the case.

Under the evidence in this case it was clearly a question for the jury to determine whether or not the negro

boy alleged to have caused the injury was the agent of the defendant, and, if he was determined so to be, whether or not he was acting within the line and scope of his authority or employment when he caused the injury to plaintiff. It was not denied that it was the defendant's wagon, nor that the driver was its agent or servant, nor that it was engaged in the business of selling ice to the inhabitants of Mobile in this manner. And it was shown that the negro boy who caused the injury had been attending this particular wagon, assisting in this particular business of the defendant, thus openly serving the public in this capacity, for a year or nearly so; that plaintff's mother was a patron of defendant, and had sent plaintiff to the wagon to buy ice; and that this negro boy, who had been for this length of time selling and delivering ice for defendant, and was so delivering at the very time of causing the injury, instead of selling and delivering the ice, as it was his habit and custom, if not his duty, to do, refused the request and offer of plaintiff, and answered by rudely pushing plaintiff off the wagon. All this happening in the presence of the driver, who is conceded to have been defendant's agent, it was certainly within the province of the jury to pass upon the questions of agency, the line and scope of the employment, and the liability of the defendant for the act; and we are not prepared to say that the finding of the jury as to these facts was erroneous.

While it is not to be supposed that the defendant company authorized the negro boy to thus injure the plaintiff, or that it would tolerate such conduct on his part, if known, yet it does follow that if he was the agent or servant of the defendant, and was then acting within the line and scope of his authority and employment, the defendant is liable therefor. We repeat that under the evidence of this case these were clearly questions of fact

for the jury, and not of law for the court; and the trial court properly submitted them to the determination of the jury under proper instructions, which seem to have been done.

The evidence did not support the appellant's theory that the driver, U. S. Grant, was an independent contractor, and not the servant or agent of defendant, with authority to employ assistance. The evidence was in conflict as to the authority of Grant to employ assistance, and as to whether or not the managers of the defendant company knew of the employment by Grant of the assistants; but it was clearly open to the jury to find these facts against the contention of the appellant, and we are not prepared to say that they were in error in so doing. Under the rule announced in *T. C. L. & R. R. Co. v. Hayes,* 97 Ala. 201, 12 South. 98, the defendant might be liable for the acts of the negro boy if the jury found the disputed facts in favor of plaintiff. The rules are correctly stated in the first two headnotes to the report of that case, as follows:

"1. Evidence of Contract of Employment.—Where a father was employed to load defendant's cars at a specified price per car, and under directions of defendant's superintendent his minor son assisted him in the work, which was being done under the supervision of the superintendent, although the father received the pay for the work, and the son's name was not borne on the pay roll of defendant, the son was a servant of the defendant within the meaning of section 2590 of the Code.

"2. Master Liable for Acts of Fellow Servant—When.—When a servant employs a third person to perform an act within the servant's employment, and injury results to another, the master is liable the same as though the servant employed no agent."

The question as to plaintiff's contributory negligence was likewise one for the jury, and, under the evidence in this case, their finding should not be disturbed.

Charge 13 was properly refused. It does not state a correct proposition of law. It was not necessary—to make the defendant liable—that the boy causing the injury was in charge of the wagon. The negro boy may have been acting within the line and scope of his employment, although he was not in charge of the wagon, and although he was employed to deliver ice from the wagon. There was evidence tending to show that Davis was, at the time of the injury, assisting in the management of the wagon.

There was no reversible error in the remark of the court complained of, especially after the court instructed the jury that he withdrew the remark, and that they must pay no attention thereto. While the remark of the court was not at all necessary, we see in it nothing so improper as to work a reversible error, considering it in connection with the court's subsequent attempt to deprive it of any possible effect.

There being no reversible error, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.