DILLON v. MUNDET et al.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. MASTER AND SERVANT (§ 301*)—LIABILITY FOR NEGLIGENCE OF SERVANT'S ASSISTANT.

A servant being engaged in the business and on behalf of his master and acting within the scope of his employment, the master is liable for negligence of one assisting the servant therein, at the servant's request, resulting in injury to a third person.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

2. DAMAGES (§ 113*)—MEASURE OF DAMAGES—INJURY TO AUTOMOBILE.

The measure of damages for negligent injury of one's automobile does not include the amount paid for its storage from the time of its injury till its owner exchanged it, or the wages paid his chauffeur during such period.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William B. Dillon against Jose Mundet and others. From a judgment for plaintiff, after a trial without a jury, defendant Mundet appeals. Modified and affirmed.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

Julian S. Eaton, of New York City, for appellant.

Campbell, Harding & Pratt, of New York City (Edward Harding and E. N. Goodwin, both of New York City, of counsel), for respondent.

PER CURIAM. [1] Upon the facts of this case there can be no doubt that Torrisella, at the time of the collision, was engaged in the business and on behalf of the appellant and acting within the scope of his employment, and that Brown was assisting him therein at Torrisella's request. The appellant was therefore liable for Brown's negligence. Althorf v. Wolfe, 22 N. Y. 355; 26 Cyc. 1521.

[2] The plaintiff has recovered as part of his damages the amount

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid for storage of the automobile from the time of the collision until he exchanged it, and also for the wages paid his chauffeur during the same period. This was erroneous. Together this amounts to $71.57.

The judgment will therefore be reduced to $242.25, and, as modified, affirmed, without costs. All concur.