# EMISON v. WYLAM ICE CREAM CO. et al.
## (6 Div. 717.)

(Supreme Court of Alabama. Jan. 20, 1927.)

**1. Master and servant** ⚖️➔301(2)—**Master is not liable for negligence of person employed by servant without authority.**

Where there is neither express nor implied authority given a servant to employ another, or a subsequent ratification of such employment, the relation of master and servant between master and one so employed does not exist, and master is not liable for negligent acts of the latter under the doctrine of respondeat superior.

**2. Master and servant** ⚖️➔301(2)—**Master's nonliability for negligence of one employed by servant does not absolve him from liability on other grounds.**

That master is not liable for negligence of one employed by a servant under rule of respondeat superior does not necessarily absolve him from liability on other grounds.

**3. Master and servant** ⚖️➔301(2)—**Master intrusting instrumentality to servant is liable for injurious use, though servant intrusts particular service to third person.**

Though a servant cannot, without authority, abandon master's service and substitute another in his place and thereby make master responsible for acts of substituted servant, a master is responsible for a servant's injurious use of an instrumentality which he was instructed to use in the master's business, even though the servant had intrusted the particular service to the hands of a third person acting for him and under his direction.

**4. Master and servant** ⚖️➔301(2)—**Where automobile truck driver, contrary to instructions, placed truck in hands of helper, negligently injuring another, master was liable.**

Where automobile truck driver, contrary to express instructions, placed truck in hands of helper, who had so negligently operated it as

<hr/>

⚖️➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 21 Ala. App. 325.      [2] Ante, p. 52.

to cause injury to plaintiff, master was liable for injurious use of instrumentality placed in servant's hands, though not under doctrine of respondeat superior.

**5. Master and servant ⬤⟹301(2)—Automobile truck driver's helper held not "servant" while driving contrary to master's specific directions.**

Where automobile truck driver and helper were both instructed that helper was not to drive car, further instruction that helper was to do what the driver told him to do *held* not to make helper a servant of the master while driving truck at driver's direction contrary to instructions, as affecting applicability of doctrine of respondeat superior.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Servant.]

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Will Emison against the Wylam Ice Cream Company and W. O. Metts. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

The action is, for damages suffered by plaintiff by reason of injuries to his wife. Count A of the amended complaint charges that:

"The plaintiff's wife, Doll Emison, was rightly standing upon plaintiff's premises in front of plaintiff's store (describing the location), at which time and place defendant's automobile struck a barrel which was standing at the corner of said store and knocked said barrel against the plaintiff's wife, and as a proximate consequence thereof she was greatly injured in her person, and (setting out plaintiff's damage). Plaintiff avers that said truck was at said time operated by the defendants, through their agents, servants, or employees while acting within the line and scope of their duties as such, their names being unknown to the plaintiff, in such a negligent manner that as a proximate consequence thereof plaintiff's wife was injured," etc.

Count B is the same as A, except that, as to the charge of negligence, it avers "that the defendants negligently caused or allowed said automobile truck to strike said barrel and inflict said injuries upon the plaintiff."

The undisputed facts were that the defendant company operated the truck in question for delivering ice cream to customers; that it employed one White and put him in charge of this truck, and also employed a negro boy to go with the truck as White's helper; that the boy was employed to deliver ice cream to the stores from the truck, to get empty cans, to fix brine, and to help load the truck before it left the plant; that when he was employed he was told by Mr. Metts to do what Mr. White told him to do as a helper on the truck; that the boy had never been permitted to drive the truck, and

was instructed by his employer not to touch the wheel of the truck under any circumstances, he being hired for the specific purpose of working as a helper on the truck, and not as a driver; that White had charge of the truck on this trip; that when they got to East Thomas, White placed the boy in charge of the truck, telling him to "take the truck and go on up there and pack that place and come on back"; that on the way back he ran into the barrel and caused the injury as charged; and that when White placed the boy in charge of the truck, as above stated, White went on off to some place to telephone for some more ice, and was not at or near the scene of the accident.

This boy, Leroy Pope, testified:

"Mr. Metts hadn't told me to stay off of that truck in a long time. I had been working for him about four months at that time. * * * He told me before this accident happened not to drive this truck. He hired me as a helper on this truck. * * * Mr. Metts gave Mr. White the job of driving this truck, * * * and I knew when I drove this truck that I had no right to drive it, and I drove it in violation of Mr. Metts' orders. I knew that Mr. White didn't have any authority to tell me to drive this truck."

On this evidence the trial judge instructed the jury, with hypothesis, to find for the defendants. From a judgment for defendants, the plaintiff appeals.

Wm. A. Jacobs, of Birmingham, for appellant.

When a servant procures a third person to perform an act within the servant's employment, and injury results to another, the master is liable the same as though the servant had himself performed the act. Weinacker I. & F. Co. v. Ott, 163 Ala. 230, 50 So. 901; 102 S. C. 146, 86 S. E. 202, L. R. A. 1916B, 629; 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; 18 R. C. L. 786.

Fred Fite, of Birmingham, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] The American decisions seem to be unanimous in holding that "where there is neither express nor implied authority given a servant to employ another to perform or to assist him in the performance of his work, or a subsequent ratification by his employer of such employment, the relation of master and servant between the employer and one so employed by his servant, does not exist, and he is not liable for the negligent acts of the latter under the doctrine of respondeat superior." 39 Corp. Jur. 1272, § 1459, citing numerous cases, among others, Thyssen v. Davenport Ice, etc., Co., 134 Iowa, 749, 112 N. W. 177, 13 L. R. A. (N. S.) 572, Haluptzok v. Gr. N. R. Co., 55

Minn. 446, 57 N. W. 144, 26 L. R. A. 739, and Board of Trade, etc., v. Cralle, 109 Va. 246, 63 S. E. 995, 22 L. R. A. (N. S.) 297, 132 Am. St. Rep. 917. On this proposition, it may be noted in passing our own cases of Tennessee, etc., Co. v. Hayes, 97 Ala. 201, 12 So. 98, and Weinacker Ice & Fuel Co. v. Ott, 163 Ala. 230, 50 So. 901, are not in point, because there the employing servants had authority to employ the assistants whose negligence caused the injury.

[2] Though a few cases seem to hold that under the conditions first above stated the master is not liable on any theory whatever (Cooper v. Lowery, 4 Ga. App. 120, 60 S. E. 1015; Levin v. Omaha, 102 Neb. 328, 167 N. W. 214; Jewell v. Grand Trunk R. Co., 55 N. H. 84), the great weight of authority, and we think of reason also, is that a denial of liability under the rule of respondeat superior does not necessarily absolve the master from liability on other grounds, although the decisions are not in accord as to the circumstances which will impose liability, nor as to the juridical theory upon which that liability should be explained. 39 Corp. Jur. 1272, § 1459, and cases cited.

Some of them seem to include among the factors necessary to the master's liability the presence of the master's servant at the time and place of the damnifying act of the assistant, employed or authorized by him to perform his own authorized service, in furtherance of the master's business. Geiss v. Twin City, etc., Co., 120 Minn. 368, 372, 139 N. W. 611, 45 L. R. A. (N. S.) 382, and noted; Dimmitt v. Hannibal, etc., R. R. Co., 40 Mo. App. 654; Thixton v. Palmer, 210 Ky. 838, 276 S. W. 971, 44 A. L. R. 1379; Booth v. Mister, 7 C. & P. 66, 32 E. C. L. 502; 39 Corp. Jur. 1272.

But, as stated in the text of 39 Corp. Jur. 1272, § 1459:

"Other decisions have formulated an even broader rule and affirmed the liability of the master on the ground that the injury was caused by an instrumentality used by the servant in the prosecution of the master's business, thereby making the act complained of the act of the servant himself, without regard to whether the act causing the injury was or was not done in the presence of the servant."

This theory of liability is supported by the cases of Ellefson v. Singer, 132 App. Div. 89, 116 N. Y. S. 453; Simons v. Monier, 29 Barb. (N. Y.) 419; Campbell v. Trimble, 75 Tex. 270, 12 S. W. 863. See, also, Bank of Calif. v. W. U. T. Co., 52 Cal. 280; Thyssen v. Davenport, etc., Co., supra (13 L. R. A. [N. S.] 576, 578). In Hollidge v. Duncan, 199 Mass. 121, 85 N. E. 186, 17 L. R. A. (N. S.) 982, it appears that the assistant was called upon for an emergency service, and the negligent act was done in the immediate presence of the servant in charge; and the theory of the master's liability was that the servant "used the assistance of the bystander as he would have used a tool or appliance which he had procured, and which he must be regarded as having implied authority to procure under the circumstances." And it was further observed that:

"The fact that the tool or appliance was an intelligent human being does not affect the matter any more than the fact that another person held the reins did in Booth v. Mister, 7 C. & P. 66."

Hollidge v. Duncan, supra, is therefore not in point on the question here involved—the liability, vel non, of the master for the injurious act of the boy whom the servant called upon to discharge his own duty of driving the truck to a designated place; the servant going elsewhere and not being present at the time and place of the accident.

[3, 4] We do not approve the doctrine that a servant can, without authority, abandon the master's service, and substitute another person in his place, so as to make the master responsible for the acts of the substituted servant. But, when the servant has been intrusted with an instrumentality which he is instructed to use in the prosecution of the master's business, we think it is sound both in principle and in policy to hold the master responsible for the servant's injurious use of that instrumentality in the performance of his authorized service, even though the servant had intrusted the particular service to the hands of a third person who was acting for him and under his direction; and, in such a case, we can recognize no valid distinction between a case where the servant was present with his assistant at the time and place of the accident and a case where the servant was elsewhere. In each case the servant uses the instrumentality for the purpose intended and authorized, and in each case the directed act of his assistant is equally the act of the servant. Simons v. Monier, 29 Barb. (N. Y.) 419.

It is of no consequence that, in using the boy to drive the car, and so to perform his own duty in the premises, both the servant and the boy were consciously disobeying the master's orders. As said in Hardeman v. Williams, 169 Ala. 50, 57, 53 So. 794, 796:

"The principal is responsible for the acts of his agent done within the scope of his employment, and in the accomplishment of objects within the line of his duties, though the agent seek to accomplish the master's business by improper or unlawful means, or in a way not authorized by the master, unknown to him, or even contrary to his express direction."

Upon the considerations above stated, we think the jury were erroneously instructed to find for the defendants, and the judgment must accordingly be reversed.

[5] Appellant's contention that the master's instruction to the boy to do what White told him to do as helper on the truck made the boy a servant of the master, in whatever

service he rendered pursuant to White's orders, is clearly untenable, since that instruction was expressly limited by the more specific instruction not to drive the car.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.