## MALLOY v. SVOBODA.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7995. Decided Mar. 5, 1928.
Syllabus by Editorial Staff.

**751. MASTER AND SERVANT—54. Agency.**
Where friend, who is riding with truck driver, performs act which is within scope of driver's duty, such act is the act of the driver.

Error to Common Pleas.
Judgment reversed.

Bernsteen & Bernsteen, Cleveland, for Malloy.
Payer, Minshall, Karch & Kerr, Cleveland, for Svoboda.

### STATEMENT OF FACTS.

It seems that the plaintiff in error was a boy and at the time complained of was standing on the sidewalk at West 50th Street and Clark Avenue, but for just what purpose he was there does not appear, and it makes no difference. He was rightfully on the street.

The record shows that the defendant in error was the owner of The American Bohemian Daily and that it delivered its paper in bundles to various places in the City of Cleveland, and for that purpose employed a person who drove a truck belonging to the defendant in error containing the newspapers done up in large bundles to be distributed at different points in the City to be there received by the distributing agents for the purpose of distribution among the subscribers to this Bohemian Daily.

The evidence shows that, on this particular day, the truck belonging to the defendant in error was driven by its servant for the purpose of distribution, and that it was the custom to drive up to the curb and throw the papers upon the sidewalk.

It further appears from the record that a couple of boys, who apparently were friends of the driver who was a youth, were in the truck with him, and as they approached West 50th Street on Clark Avenue where a bundle of the papers was to be delivered (the papers were evidently marked for this particular location), the driver, without stopping, drove up close to the curb, and it is said that one of these boys, either with the driver's instructions, or of his own volition, pushed this bundle of papers off, and it knocked this boy down, broke his leg and injured him so that he is permanently disabled, by reason of which this action was brought.

When this case was presented to the court and the plaintiff had introduced his evidence, there did not seem to be any evidence to show that the driver of this truck, the employee of the defendant in error, was authorized to have boys ride with him, and that inasmuch as one of these boys apparently shoved this bundle of papers on to the sidewalk, although this is disputed, that the doctrine of respondent superior would not apply, and on motion a verdict was directed for the defendant in error against the plaintiff in error, and it is to reverse that judgment that error is prosecuted here.

VICKERY, J.

I cannot agree with learned counsel that it
(Continued on Page 439)

# ANNOUNCEMENT OF

# THE LANING

# OHIO AUTOMOBILE DIGEST

Edited by Jay F. Laning, author and publisher of the Ohio Decisions Reprint, Nisi Prius Decisions, Circuit Decisions, Federal Decisions, and other Ohio Reports and Treatises, and editor in chief of the Ohio Cyclopedic Digest, assisted by his son, S. R. Laning, attorney.

**Every Decision** of every Ohio Court, Federal or State, upon this prolific litigation breeding subject, rendered since the use of this marvelous vehicle began, will be digested in this splendid work.

It will cover the entire Ohio Automobile Law, statute as well as judicial and each decision paragraph will be admirably annotated, so as to make it show the year the case was decided, plus its entire record historically, and its present value as an authority.

No matter which set of Ohio Supreme, Appellate, Circuit or Nisi Prius Reports the lawyer may have or have access to, the case annotations show where to find the law.

This Digest will give the law announced in over 1000 Ohio Automobile major and minor court decisions, over sixty percent of which have been reported in the Abstract only, all intelligently classified and analytically arranged.

The scope of the digesting is much broadened by references to the 1927 edition of Huddy on Automobiles. They unite the text of that work in every place (over 300) where it cites an Ohio decision as authority. It also thus connects the thousands of precedents from other state reports it cites, and quotes, to the multitude of Ohio adjudications this Digest exposes. Its value for comparative research is thus greatly extended.

The Laning LINK, Numerical Digesting SYSTEM, is applied extensively in this Digest. By it, through its parenthetical and other cross references, all the applications of a point or principle of law to different legal subject problems, are interwoven and joined together, so that each case becomes a partitive unit in each chain of authority to which it belongs. Thus, when one pertinent case is found in the Digest, it becomes a pointer to all other homologous ones. Research work can thus be accomplished more quickly, easily and proficiently.

The great number of Automobile Cases that have been passed upon by the courts, have compelled this publication, and so many more will continue to arise that the demand has arisen for a modern and more efficient method of giving them publicity, and keeping journalistic pace up to judicial progress. Hence the Laning method of Loose Leaf Digesting, has been invented, and will be used in this volume.

The Binders will contain Division Sheets, to index and separate the definitive parts of the subject, so that new supplemental leaves and revisions sheets can be inserted easily, quickly and correctly, as fast as new decisions appear.

By this plan, every purchaser of the Laning Automobile Digest will obtain and possess a complete volume, brought down to its issue date. This, with the aid of the weekly and subsequent Digests appearing in the issues of the Abstract, will suffice to always keep him posted in Ohio Automobile law.

But the books, bound in fine leather covers, are so constructed, that future new sheets can be inserted easily, and subscribers will obtain and possess a self-revising, continuous, loose leaf service, covering the subject minutely and constantly. Then, whenever one wants to know quickly, just what the courts in later constructions, have declared the revised automobile law to be, he will have it before him in this Treatise.

The Automobile Digest will be a work of magnitude as well as quality. It will contain, as now estimated, over 600 pages of the same size as those of the Abstract, and will be set in good, clear faced legible type, of differentiating styles. The book will be well indexed, and will be a modern as well as a perfect digest in every feature.

The price of the Digest will be $15.00, with Annual Revision Service Sheets for one year.

This price will be commuted to $12.00 on all pre-publication, cash in advance orders, received before Sept. 1, 1928.

This Digest will give Automobile Negligence fully, as well as all other motor vehicle subjects. Another volume is in preparation covering Ohio Railroad as well as General Negligence Cases.

Published by,

**THE LAW ABSTRACT COMPANY, 13916 Euclid Ave., Cleveland, Ohio.**

---

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

(Continued from Page 437)

was necessary to prove that this employee of the defendant in error had authority to employ some one else. In the first place, as I get this case, there was no employment of anybody else. This driver had a duty to perform, and that was to deliver these papers at this corner, and the truck was used for that purpose, and if this bundle had been put in the window of the automobile so as to make ready to do that, it must have been with the connivance and under the instructions of the driver. If he had taken a stick and pushed the bundle out, or kicked it out on the sidewalk, there would be no question but what there would be a liability. Now the mere fact that he used instead of a stick to throw it off, the aid of a boy who was riding with him, would not change it from being the act of the driver—for it must be remembered that it was the driver's duty to deposit this bundle of papers at this particular place, so I say, that whatever act was done by one of these boys, if the act were done by one of them, was as a matter of fact the driver's act, and that was simply the means or the medium through which the purpose was accomplished and the driver was acting within the scope of his employment and acting for the defendant in error when these papers were deposited there, and I think there is a question to go to the jury, whether or not there is not a liability, and the court erred in directing a verdict for the plaintiff.

Now we are not left to conjecture in this respect. There is a recent case, so on all fours with this case that there can be no misunderstanding of the trend of the court and that is the case of Semper v. American Press, 273 S. W. Reporter, page 186.

There could not be a case more on all fours with the instant case than that case, but irrespective of that case, by an analogy of reasoning, it cannot be possible that an employer that wants to have papers delivered upon a street corner, if its agent, in order to get the thing done more quickly, gets a friend to go with him, and he being at the wheel and driving past the spot, orders the friend to throw these things off, which results in an injury to a person rightfully upon the sidewalk, can escape responsibility on the ground that the one who threw off the bundles of papers was a mere volunteer. It is the act all the time of the employee of the defendant company, in pursuance of his duties, and in no sense is it necessary to show that there was power to employ other persons,—in fact, there has been no employment of other persons. He did the work himself and the other person was only the means through which he did it—it was the instrument which he used, and consequently there was evidence at least to go to the jury in this case.

The judgment of the court below was wrong because there was surely evidence to go to the jury, and I think it should be reversed and remanded to the trial court for a new trial.

(Levine, J., concurs. Sullivan, P. J., not participating.)

**Weekly Report of NEW CASES DOCKETED**

For full history of these cases see Omnibus Index, last page.

### July 10, 1928

21275—N. Y. C. Rd. Co. v. P. U. C. et; error to P. U. C. C. F. Lewis, Jr., Columbus, and Edw. R. Meyer, Zanesville, for plaintiff; E. C. Turner and R. R. Zurmehly, Columbus, for defendants.

21276—Benschoter et v. N. Y. C. Rd. Co.; motion for Lucas Appeals to certify. Ritter & Brumback, Toledo, for plaintiff.

### July 11, 1928

21277—Hendricks v. Indust. Com. et; motion for Cuyahoga Appeals to certify. Cerrizen & Wilson, Gurney, Gurney & Gurney, for plaintiff; E. C. Turner, Atty, Genl., Columbus, and Jno. A. Eldon, and Alex H. Mertin, Cleveland, for defendant.

21278—Levine v. Scharff; motion for Summit Appeals to certify. Also cross petition to certify etc. Harris & Holub, Mather, Nesbitt & Willkie, Akron, for plaintiff; Herberich & Weick, Akron, for defendant.

### July 12, 1928

21279—Fairview Coal Co. v. Boggs et; motion for Belmont Appeals to certify. A. W. Kennon, St. Clairsville, and M. B. and H. H. Johnson, Cleveland, for plaintiff; Thornberg & Lewis, St. Clairsville, for defendants.

21280—Buckner v. Levine et; motion for Cuyahoga Appeals to certify. G. C. Hapley and C. F. McConnell, Cleveland, for plaintiff; Nathan E. Cook, Cleveland, for defendants.

21281—Stream v. Barnard, Extrx; motion for Knox Appeals to certify. L. C. Stillwell, F. O. Levering, Mt. Vernon, for plaintiff; H. W. Koons, Mt. Vernon, for defendant.

21282—Indust. Com. v. Terrell; motion for Cuyahoga Appeals to certify. E. C. Turner, Atty. Genl. and R. R. Zurmehly, Columbus, and J. A. Elden, Cleveland, for plaintiff.