[Civ. No. 3968.   Third Appellate District.—December 19, 1929.]

KATHERINE GIBBONS, Respondent, v. D. NARITOKA, Appellant.

W. I. Gilbert for Appellant.

Fred E. Peterson for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for damages for injuries sustained by a pedestrian through the negligence of the driver of an automobile while the plaintiff was crossing a street. The chief problem is whether the owner of the machine may be held liable for the negligent operation of the automobile while it is being driven by a stranger without the owner's authority, but in the presence of the employee who is hired for that purpose.

The defendant, who lived in Los Angeles, was the owner of the automobile. Frank Takao was employed to drive the truck in conveying produce to market. He was not authorized to procure an assistant to operate the machine. While the agent was engaged in hauling celery to market in Los Angeles, trouble occurred with the engine. A negro, who was an entire stranger to him, but who chanced to be near by, voluntarily assisted in starting the engine. Takao then invited the negro to drive the truck, which he proceeded to do. The agent sat by his side on the front seat smoking a cigarette. They drove up San Pedro Street to Twelfth

Street. At this point the traffic was heavy. The machine was traveling twenty-five miles an hour. The brake was defective. The plaintiff was forty-two years of age and reasonably intelligent and alert. After looking to her right and left and seeing no danger, she attempted to cross Twelfth Street in the pedestrians' pathway. Reaching the car track in the center of the street she again looked both ways for vehicles and then continued on her way. Without warning and without slackening its speed the truck suddenly turned from San Pedro Street into Twelfth Street and struck the plaintiff from behind, dragging her thirty-five or forty feet before the machine was brought to a stop. The defendant was seriously injured. Upon trial the plaintiff was awarded a judgment of $2,428, from which this appeal was perfected.

A reversal of the judgment is sought on the grounds that (1) the employee was not authorized to procure an assistant to operate the machine and that the doctrine of *respondeat superior* therefore does not apply; (2) the complaint failed to state a cause of action for the reason that it omitted to allege the agency of the servant or that the accident occurred in the due course of his employment; (3) the court erred in striking from the answer an affirmative defense to the effect that the accident occurred through the negligence of a stranger who was then operating the machine without the knowledge or authority of the defendant; and (4) the findings and judgment are not supported by the evidence.

It was stipulated that the defendant owned the machine; that Takao was employed by him to drive the truck; that the negro was procured to drive the automobile without the knowledge of the owner, and was engaged in operating it at the time of the accident; that the employee, Takao, sat by the driver's side on the front seat at that time; and that they were then occupied in the regular course of Takao's employment in returning the truck to the owner's place of business.

The court adopted specific findings in accordance with the foregoing facts, upon all of these issues. ■ The complaint failed to allege the employment or agency of Takao, the driver of the truck. This omission was due to the fact that at the time of the accident he gave his name as Naritoka and it was assumed he was the owner of the machine.

This omission was harmless for the reason that the case was tried on the theory of the existence of this agency. This relationship was stipulated and evidence of the fact was adduced without objection on the part of the defendant. The findings of the court also assumed that these were valid issues in the case. The defendant had the full benefit of this issue.

The record on appeal does not show that the court struck out the affirmative defense to the effect that Takoa, the employee, had no authority to procure the aid of the negro to operate the machine. Even though such an order was made, it is also harmless in view of our disposition of the appeal on the theory that the negligence of the employee, Takao, proximately caused the accident, since the machine was, in effect, actually operated under the personal supervision and direction of the agent himself and he failed to remonstrate against the negro's reckless driving of the machine, and did not attempt to regulate its speed.

There is ample evidence of negligence in the operation of the machine, and of plaintiff's freedom from contributory negligence.

At the time of the accident the truck was traveling twenty-five miles an hour amid heavy traffic. The brake was defective. Without warning it suddenly turned from San Pedro Street into Twelfth Street. Without slackening its speed it struck the plaintiff from behind and dragged her thirty-five or forty feet before it was brought to a stop. During this emergency the employee sat by the side of the negro driver, within reach of the wheel, the brake and the apparatus by means of which he could have readily shut off the gas and stopped the machine. He made no protest against the reckless manner of operating the truck, and he made no effort to regulate its speed. He may be presumed to have known the brake was defective. Under such circumstances the employee was himself guilty of negligence which may be imputed to the owner of the machine. This will render him liable for the injuries sustained by the plaintiff on the doctrine of *respondeat superior*.

Liability for injuries sustained may attach not only for the result of one's deliberate negligent acts, but also for his failure to exercise due care in the performance of his duty or in the management of his property. Negligence

may consist of affirmative acts or careless omissions. (Sec. 1714, Civ. Code.) Mr. Justice Henshaw says in the case of *Basler* v. *Sacramento Gas & Elec. Co.*, 158 Cal. 514, 518 [Ann. Cas. 1912A, 642, 111 Pac. 530, 532]: "Negligence may be active or passive in character. It may consist in heedlessly doing an improper thing or in heedlessly refraining from doing the proper thing. Whether the circumstances call for activity or passivity, one who does not do what he should is equally chargeable with negligence with him who does what he should not."

The authorities are not in strict harmony as to the master's liability to third persons for the negligent acts of an unauthorized stranger procured by the employee to assist him within the scope of his employment. (45 L. R. A. (N. S.) 382, note; 13 L. R. A. (N. S.) 572, note; Am. Dec. Dig. (Master and Servant), Key Sec. 301 (2).) Clearly the master is not liable when the services of a stranger are performed out of the presence and independent of the employee, or when the services are not within the scope of the servant's employment, or when the assistance is secured contrary to the direct instructions of the master. (*Emison* v. *Wylam Ice Cream Co.*, 215 Ala. 504 [111 South. 216]; *Butler* v. *Mechanics' Iron Foundry Co.*, 259 Mass. 560 [54 A. L. R. 849, 156 N. E. 720].) Some cases go so far as to hold that the master is liable for such negligence only when there is either express or implied authority for the agent to procure assistance. (18 R. C. L. 785, sec. 245; 39 C. J. 1271, secs. 1458b–1459.)

The liability of the master has sometimes been denied upon the specific ground that the servant was not present at the time of the performance of the tortious acts complained of. (*Blumenfeld* v. *Meyer-Schmid Grocer Co.*, 206 Mo. App. 509 [230 S. W. 132].) These cases, however, do not involve the principle of the co-operating negligence of an employee who is personally present with knowledge of the tortious acts of his assistant and possessing the ability to restrain or regulate such acts. By the weight of authority and in accordance with good reason, a master is liable to a third person for the results of the negligent acts of a stranger whose services are procured without the master's authority by the servant to assist him within the scope of his employment, under his supervision and in his

presence. (*Gates* v. *Daley,* 54 Cal. App. 654 [202 Pac. 467]; *Geiss* v. *Twin City Taxicab Co.,* 120 Minn. 368 [45 L. R. A. (N. S.) 382, 139 N. W. 611]; *Appel* v. *Eaton & Prince Co.,* 97 Mo. App. 428 [71 S. W. 741]; *Wellman* v. *Miner,* 19 Misc. Rep. 644 [44 N. Y. Supp. 417]; *Grant* v. *Knepper,* 245 N. Y. 158 [54 A. L. R. 845, 156 N. E. 650]; *Hollidge* v. *Duncan,* 199 Mass. 121 [17 L. R. A. (N. S.) 982, 85 N. E. 186]; *Slothower* v. *Clark,* 191 Mo. App. 105 [179 S. W. 55]; *Ellefson* v. *Singer,* 132 App. Div. 89 [116 N. Y. Supp. 453]; *Dillon* v. *Mundet,* 145 N. Y. Supp. 975; *Indianapolis* v. *Lee,* 76 Ind. App. 506 [132 N. E. 605]; *Semper* v. *American Press,* 217 Mo. App. 55 [273 S. W. 186]; *Hendler Creamery Co.* v. *Miller,* 153 Md. 264 [138 Atl. 1].)

The appellant relies upon the case of *Vorbeck* v. *Patten-Davies Lbr. Co.,* 67 Cal. App. 475 [227 Pac. 929], as authority exempting him in the present case from liability for the negligent operation of his truck. That case, however, is clearly distinguishable from the present case upon the very principle heretofore announced. In that case, Baldwin was employed by the defendant lumber company to load trucks in the lumber-yard. He had no authority to operate the trucks. The driving of the trucks was specifically delegated to a yard foreman. A loaded truck stood in the yard. The foreman was not present. Baldwin asked a baker boy, who chanced to be present, to drive the truck out. He did so. An accident occurred. Baldwin was not even present on the truck or within sight at the time of the accident. Quite properly the court held under such circumstances that the lumber company was not liable for the negligence of the driver of the truck. That decision is not in conflict with the foregoing rule of law which is announced with relation to the facts of this case.

We are of the opinion that the defendant is liable in the present case for the consequences of the negligent omission on the part of the employee, Takao, to reasonably regulate the operation of the truck.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.