14324

WATSON v. KENNEDY *ET AL.*

(186 S. E., 549)

October, 1935.

*Messrs. Hicks & Johnston,* for appellant, W. P. Kennedy, doing business as Piggly Wiggly Grocery Co.,

*Mr. W. C. Mann,* for appellant, N. N. Meece,

*Mr. W. R. Bowen,* for respondent,

July 2, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action was commenced by the plaintiff, H. M. Watson, against the defendants, W. P. Kennedy, doing business as Piggly Wiggly Grocery Company, and N. N. Meece, in the Greenville County Court for damages alleged to have been sustained by the plaintiff on account of the wrongful acts of the defendants, and was tried in said Court before his Honor, John L. Plyler, County Judge, and a jury, resulting in a verdict for the plaintiff in the sum of $500.00

actual damages. At the proper time during the trial of the case the defendants moved separately for a nonsuit, a directed verdict, and for judgment, notwithstanding the verdict for the plaintiff, and the same being refused, thereafter motion was made by the defendants for a new trial, which motion was also refused. Pursuant to due notice the defendants have appealed to this Court from the judgment entered on the verdict.

In connection with the history of the case we quote the following agreed statement appearing in the transcript of record for the purpose of an understanding of the issues presented: "This case arose out of a collision between trucks engaged in hauling produce from Florida. W. P. Kennedy is engaged in doing business in Greenville and Spartanburg, South Carolina, as 'Piggly Wiggly Company.' His brother, John Kennedy, now deceased, worked for him at the time of the collision. N. N. Meece owned a truck, and Kennedy engaged Meece to send the truck to Tampa, Florida, to bring back for him a load of produce, which his brother, John Kennedy, was to buy. Meece sent the truck to Greenville for that purpose, same being driven by a colored man, John Young. About eleven P. M., on the night of March 26, 1935, John Kennedy, C. B. Winn and John Young left the store of W. P. Kennedy in Greenville on the Meece truck, going first to Spartanburg, S. C., carrying a load of produce from the Greenville store of W. P. Kennedy to his Spartanburg store. John Young drove the truck to Spartanburg. When John Kennedy, Young and Winn were ready to leave Spartanburg for the trip to Tampa, Florida, John Kennedy got under the steering wheel of the said truck and drove it from that point to a point 22 miles beyond Augusta, Georgia, on the Augusta-Jacksonville highway, where, some time after midnight, on the 27th day of March, 1935, he met a truck owned and driven by the respondent, H. M. Watson. A collision resulted and Watson's truck and load of produce were damaged."

The action was instituted by the plaintiff against the defendants for judgment on account of the damages alleged to have been sustained by the plaintiff in connection with the collision mentioned. It appears from the record that the several motions made on behalf of the defendant, W. P. Kennedy, were made "upon the ground that there was no evidence sufficient to go to the jury, or upon which a jury could base a verdict, or sufficient to sustain a judgment in order to show that John Kennedy was the agent or servant of W. P. Kennedy." It further appears from the record that the motion made on behalf of the defendant, N. N. Meece, was based upon the same ground as the several motions made on behalf of the defendant, W. P. Kennedy; it being the contention that there was no evidence to show that John Kennedy was the agent of N. N. Meece. No question as to the amount of damages is raised by the appeal, and the only exception presented by the appeal is upon the questions of agent or servant.

Since additional testimony bearing on the questions involved was offered after the motion for nonsuit was made, and before the motion for direction of a verdict was made, the testimony relating to these questions may be considered as a whole. In this connection we call attention to the following which we quote from the opinion in the case of *Moseley v. Southern Railway Company,* 164 S. C., 193, 198, 162 S. E., 94, 95, 96: "Even though a nonsuit should have been granted at the conclusion of plaintiff's testimony, yet, if the deficiency of evidence was supplied either on direct or cross examination of defendant's witnesses, neither a nonsuit nor a directed verdict could be granted at the conclusion of all the testimony."

Was there any testimony from which the jury might reasonably conclude that John Kennedy, a brother of W. P. Kennedy, was at the time in question the agent or servant of W. P. Kennedy? For the purpose of establishing such agency the record discloses that the defendant.

W. P. Kennedy, was called as a witness by the plaintiff, and on direct examination W. P. Kennedy testified, in effect, that he had lived in Greenville thirteen years, was engaged in business, operating as the "Piggly Wiggly Store"; that John Kennedy was his brother, and was engaged in business with him. In this connection Mr. W. P. Kennedy further testified on direct examination by counsel for the plaintiff as follows:

"Q. On this particular occasion, what was John Kennedy's business down on the road between here and Jacksonville, Florida? A. He had gone to buy some produce.

"Q. For you? A. Yes, sir.

"Q. You own the Piggly Wiggly Company yourself? A. Yes, sir.

"Q. He was going down to buy it for you? A. Yes, sir."

He further testified that John Kennedy left with Mr. Winn and a colored boy named John Young.

"Q. They were all going down to buy the produce? A. Yes, sir.

"Q. And bring it back for Piggly Wiggly? A. Yes, sir."

In our opinion, this is some testimony from which the jury could reasonably infer that at the time in question John Kennedy was the agent of W. P. Kennedy, and it was therefore proper for the trial Judge to submit that issue to the jury, notwithstanding the fact that in answering questions by his counsel W. P. Kennedy gave testimony which may have been construed in a different light. As this Court has often held, when more than one reasonable inference can be drawn from the testimony bearing on questions involved, it is proper for the trial Judge to submit such issues to the jury. In this connection we may further state that in additional testimony given by W. P. Kennedy he stated, in effect, that his brother, John, went on the trip in question for the purpose of purchasing the goods in question.

The next question to be considered is: Was there any testimony to the effect that at the time in question John

Kennedy was the agent or servant of the defendant, N. N. Meece? The evidence discloses that the truck in question was owned by the defendant, N. N. Meece, and when this truck started on its said trip to Florida three persons went off on the same, namely, John Young, a Negro boy, C. B. Winn, and John Kennedy. According to the testimony of the defendant, Meece, the Negro boy, John Young, was in charge of this truck, and neither C. B. Winn nor John Kennedy had any control over it; that, according to previous instructions given by Meece to the Negro boy, John Young, John Young was to do all of the driving from Greenville, S. C., from whence the truck started, to a point in Florida, and return to Greenville, S. C.; and that neither of the other two had any authority to do any of the driving. It appears from the record in the case that Mr. Meece was well acquainted with John Kennedy and thought he was a very fine young man, and it further appears from the record that Mr. Meece had sent his truck on like trips for bringing and delivering goods to the defendant, W. P. Kennedy, on several occasions. It is shown from the record that Mr. Meece received from W. P. Kennedy the sum of $65.00 to make the trip with the truck referred to, and it is further shown from the record that when the truck reached Spartanburg, on the way to Florida, John Kennedy took his place at the wheel and drove the truck from Spartanburg to the point where the accident referred to occurred, which was near the City of Augusta, and was driving at the time in question. The record further discloses that this was done without any objection by the Negro Young. It seems reasonable to presume that Mr. Meece, the owner of the truck, would not or could not expect the Negro boy to do all of the driving from Greenville to Florida and return when there were sitting by him on the truck two others, one of which, John Kennedy, was well known to Mr. Meece and regarded highly by him. Considering the testimony as a whole, that referred to above as well as other testimony copied in the record, in our opin-

ion, the trial Judge committed no error in leaving it to the jury to say whether or not John Kennedy was an agent or servant of the defendant, Meece, at the time in question. We wish to further state that the fact that John Kennedy was driving the truck at the time in question was some evidence to go to the jury on the question of whether or not he was the servant of Meece and in possession of the truck as such servant. In this connection we call attention to the case of *Chantry v. Pettit Motor Company (Miller v. Pettit Motor Co.)*, 156 S. C., 1, 152 S. E., 753. The said John Kennedy could, of course, be the joint agent of the two defendants, and under the testimony of the case we think that was a proper question for the jury.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

Chief Justice Stabler is in accord with this view, but thinks that the judgment as to the defendant, Meece, should be affirmed upon a different ground from that herein stated. A majority of the Court, however, while holding that the judgment as to the defendant, W. P. Kennedy, should be affirmed, take the position, in an opinion by Mr. Justice Fishburne, concurred in by Justices Bonham and Baker, that a verdict should have been directed for the defendant, Meece, on the issue of agency. The judgment as to Meece, therefore, in accordance with that opinion, is reversed as the judgment of this Court, and judgment will be entered for him as directed. As to the defendant, W. P. Kennedy, doing business as Piggly Wiggly Grocery Company, the judgment is affirmed.

And it is so ordered.

Mr. Chief Justice Stabler concurs.

Messrs. Justices Bonham, Baker and Fishburne concur in part and dissent in part.

Mr. Chief Justice Stabler (concurring) :

The Court is in unanimous agreement that the judgment against the defendant, W. P. Kennedy, doing business as Piggly Wiggly Grocery Company, should be affirmed; but a majority think that the judgment as to the defendant, Meece, should be reversed. It seems to me, however, that the liability of Meece, under the facts of this case, rests, and the judgment against him should be affirmed, on the ground of the negligence of his driver, John Young, in permitting John Kennedy, a volunteer, to assist in the performance of the work intrusted to Young; the negligent acts of Kennedy, in the circumstances, "being done in the owner's service and while carrying out the driver's employment."

In 5 Blashfield's Cyc. of Automobile Law and Practice (Permanent Ed.), § 2921, page 52, the writer says: "In the absence of any express or implied authority in the employee to permit another to direct or assist in the direction of the movement of the car  *  *  *  the only safe and logical ground on which to rest the liability of the owner for the negligence of a volunteer assistant of his employee or servant is the negligence of the employee in inviting or permitting a volunteer or stranger to assist in the performance of the work intrusted to him. On this ground, liability of the master has been successfully asserted in a number of jurisdictions."

See the following cases for a full discussion of the question: *McAdon v. Times Pub. Co.* (Tex. Civ. App.), 272 S. W., 814; *Turoff v. Burch*, 60 App. D. C., 221, 50 F. (2d), 986; *Emison v. Wylam Ice Cream Co.*, 215 Ala., 504, 111 So., 216; *Gates v. Daley*, 54 Cal. App., 654, 202 P., 467; *Conway v. Pickering*, 111 N. J. Law, 15, 166 A., 76; *Elkin Motor Car Co. v. Ragland*, 6 Tenn. App., 166; *Gibbons v. Naritoka*, 102 Cal. App., 669, 283 P., 845; *Thixton v. Palmer*, 210 Ky., 838, 276 S. W., 971, 44 A. L. R., 1379; *Hendler Creamery Co. v. Miller*, 153 Md., 264, 138 A., 1; *Hollidge v. Duncan*, 199 Mass., 121, 85 N. E., 186, 17 L. R. A. (N. S.), 982; *Langan v. Nathanson*, 161 Minn., 433,

201 N. W., 927; *Geiss v. Twin City Taxicab Co.,* 120
Minn., 368, 139 N. W., 611, 45 L. R. A. (N. S.), 382;
*Grant v. Knepper,* 245 N. Y., 158, 156 N. E., 650, 54 A.
L. R., 845; *Malloy v. Svoboda,* 29 Ohio App., 331, 163 N.
E., 579; *Jones v. Lozier,* 195 Iowa, 365, 191 N. W., 103;
*Copp v. Paradis,* 130 Me., 464, 157 A., 228; *Kayser v. Van
Nest,* 125 Minn., 277, 146 N. W., 1091, 51 L. R. A. (N.
S.), 970; *Slothower v. Clark,* 191 Mo. App., 105, 179 S.
W., 55; *Rosenbluth v. Concourse Van Co.,* 132 Misc., 647,
229 N. Y. S., 609.

MR. JUSTICE FISHBURNE (concurring in part and dissenting in part):

I am unable to concur in that portion of the leading opinion in this case prepared by Mr. Justice Carter, wherein he holds that the trial Judge committed no error in leaving it to the jury to say whether or not John Kennedy was an agent or servant of the defendant, Meece, at the time of the collision.

It was held in the cases of *Davis v. Littlefield,* 97 S. C., 171, 81 S. E., 487; *Osteen v. South Carolina Cotton Oil Company,* 102 S. C., 146, 86 S. E., 202, L. R. A., 1916-B, 629; *Keen v. Army Cycle Co.,* 124 S. C., 342, 117 S. E., 531; and *Burbage v. Curry,* 127 S. C., 349, 121 S. E., 267, that when one is found in possession of a car of another, using it in the service of such other, he is presumed to be the servant of the owner. This presumption follows through the entire case, and requires rebuttal evidence on the part of the owner (*McLeod v. Atlantic Coast Line R. Co.,* 93 S. C., 71, 76 S. E., 19, 20, 705), and the issue is one for the jury, subject to the rule laid down in the last case cited. In enunciating the general rule referred to, Mr. Justice Woods, who wrote the opinion, goes on to say: "The general rule is not, however, always applicable; for the evidence offered by the defendant may explain so clearly the act on which the presumption of negligence [agency here] rests, and show due care so plainly and in-

disputably, that the presumption originally created would be completely destroyed. When no reasonable man could fail to come to the conclusion that the presumption had been so destroyed, and there is no other evidence of negligence, then it would not only be within the power of the Court, but its duty, to order a nonsuit or direct a verdict for the defendant."

I think the rebuttal evidence in the case on behalf of the defendant, Meece, clearly and fully explains the act on which the legal presumption of agency rests, and annihilates the presumption.

In my opinion the record does not disclose any material evidence which tends to show that John Kennedy, at the time of the accident, was using the truck in the service of Meece. The evidence negatives this conclusion.

Meece, as he had done before on several occasions, undertook to haul a truck load of produce from Florida for W. P. Kennedy. On this occasion, the truck was in the sole charge of John Young, a Negro, thirty years of age, who had been working for him seven or eight months, and was an experienced driver. Young had his standing instructions from Meece to permit no one else to drive the truck. According to the uncontradicted evidence, Meece did not even know that John Kennedy was going to ride on the truck to Florida, nor that he had ever ridden on the truck, nor that Winn would be on the trip. This testimony and other evidence in the case, in my opinion, completely rebuts the presumption of agency.

I do not think the case of *Chantry v. Pettit Motor Company*, 156 S. C., 1, 152 S. E., 753, cited in the leading opinion, is in point. The facts are dissimilar to the facts in the case at bar.

The trial Judge should have directed a verdict for the defendant, Meece, on the issue of agency; and Justices Bon-

ham and Baker being of the same opinion, it is ordered that this be done, under Rule 27.

MESSRS. JUSTICES BONHAM and BAKER concur.